**Johnny Bruce QUIN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 66146.**

Court of Criminal Appeals of Texas, Panel No. 1.

Dec. 23, 1980.

Roy E. Greenwood, court appointed on appeal, Austin, for appellant.

Ronald Earle, Dist. Atty. and Ralph B. Graham, Asst. Dist. Atty., Austin, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and TOM G. DAVIS and DOUGLAS, JJ.

OPINION

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for burglary of a building. In a trial before

the court, appellant entered a plea of nolo contendere. Punishment was assessed at 12 years.

In his first ground of error, appellant contends that the trial court erred in failing to grant his motion for the appointment of an expert to conduct a neurological examination. The motion alleges that such an expert is needed "to determine the extent and nature of any brain damage, if any, that the Defendant has and is suffering as a result of the previous automobile accident."

Appellant also filed a motion requesting the appointment of an expert to conduct a psychological examination. The motion alleges that such an expert is needed "to determine the degree of brain damage, if any, suffered by the Defendant as a result of said automobile accident." The trial court granted appellant's motion for a psychological examination and appointed clinical psychologist George Parker to examine appellant in the Travis County Jail.

■ The appointment of an expert witness under Art. 26.05, V.A.C.C.P., rests within the sound discretion of the trial court. *Freeman v. State*, Tex.Cr.App., 556 S.W.2d 287. Absent a showing of harm, no abuse of that discretion in the refusal to appoint an expert witness will be found. *Myre v. State*, Tex.Cr.App., 545 S.W.2d 820.

In *Cadd v. State*, Tex.Cr.App., 587 S.W.2d 736, no abuse of discretion was found in the trial court's refusal to appoint a handwriting expert. In that case, a handwriting expert was available as a State's witness and the defendant had been charged with possession of a forged instrument rather than making the instrument. *Cadd v. State*, supra at 739. In *Hogan v. State*, Tex.Cr.App., 496 S.W.2d 594, a psychologist was appointed prior to trial pursuant to the defendant's request. In his motion for new trial and on appeal, the defendant argued that the court should have appointed a psychiatrist. Based upon the qualifications of the psychologist who was actually appointed, the Court found no error in the trial court not appointing a psychiatrist on its own motion to examine the defendant. *Ho-*

*gan v. State*, supra at 597. See *Watson v. State*, 161 Tex.Cr.R. 5, 273 S.W.2d 879.

In the instant case, appellant requested a psychologist and a neurologist to examine him for possible brain damage due to an automobile accident. In the motion for the appointment of a psychologist, appellant states that he is not claiming that he is incompetent to stand trial, nor is he attempting to interpose an insanity defense. In his brief, appellant argues that a neurologist was needed to perform certain medical tests of organic brain damage which could not be performed by a non–medical person such as a psychologist. The distinctions and differences in approach between a neurologist and psychologist were not called to the trial court's attention in appellant's motions nor was evidence of such presented to the court prior to a ruling on the motions.

■ We conclude that no abuse of discretion is shown in the trial court's refusal to appoint a neurologist. Appellant requested two specialists to examine him for brain damage. The justification for two such specialists was not presented to the trial court, nor can we conclude that such justification was so patently apparent that it did not have to be stated. Moreover, appellant specifically alleged that he was not claiming incompetency or insanity. Under such circumstances, we perceive no harm suffered by appellant due to the court's refusal to appoint a neurologist. Appellant's first ground of error is overruled.

In his second ground of error, appellant contends that Art. 26.05(1)(d), supra, is unconstitutional in that it denies indigent criminal defendants equal protection and due process of the law. The statute provides for the payment from the general fund of the county in which a prosecution is instituted:

"For expenses incurred for purposes of investigation and expert testimony, a reasonable fee to be set by the court but in no event to exceed $500;"

■ There is no showing that the trial court denied appellant funds for expenses,

if any, incurred under the aforementioned statute.

■ This Court will not decide constitutional issues on a broader basis than the record requires. *Threlkeld v. State*, Tex.Cr. App., 558 S.W.2d 472; *Deeds v. State*, Tex. Cr.App., 474 S.W.2d 718; *Christ v. State*, Tex.Cr.App., 480 S.W.2d 394. Absent a showing that appellant was denied funds in excess of $500.00 under Art. 26.05(1)(d), supra, we decline to address his contention that the statute is unconstitutional.

The judgment is affirmed.