Leslie Wayne **YOHEY**, Appellant,

v.

The **STATE** of Texas, Appellee.

Nos. 04–88–00215–CR, 04–88–00216–CR.

Court of Appeals of Texas, San Antonio.

Dec. 12, 1990.

Gary W. Hutton, San Antonio, for appellant.

Fred G. Rodriguez, Jane Davis, Kirk Sherman, Edward Shaughnessy, III, Crim. Dist. Attys., San Antonio, for appellee.

Before BUTTS, CARR and ONION, JJ.

## OPINION

JOHN F. ONION, Jr., Justice.[1]

These appeals are taken from convictions for the murder of Terri Yohey and of Craig Gooch. TEX.PENAL CODE ANN. § 19.02(a)(1) (Vernon 1989). Appellant was separately indicted for the offenses. The indictments were consolidated for trial. The jury assessed punishment in each cause at life imprisonment in the Texas Department of Corrections[2] and a fine of $10,000.00.

Appellant advances forty-four points of error. *Inter alia,* appellant contends the trial court erred in consolidating the two causes for trial, erred in overruling the motion to quash the indictments for failure to give notice which particular gun was used in the deaths of the decedents, and

---

1. Presiding Judge, Retired, Court of Criminal Appeals, assigned pursuant to TEX. GOV'T CODE ANN. § 74.003 (Vernon 1988).

2. The Department of Corrections is now the Institutional Division of the Texas Department of Criminal Justice. 1989 TEX.GEN.LAWS. ch. 785, Section 1.19(f) at 3475. *See* Historical Note to TEX.CIV.STAT.ANN. art. 4413(401) (Vernon Supp.1990).

erred in declaring mistrial when insurance was mentioned. Further, appellant urges the trial court erred in requiring him to turn over his personal statement of the case to the State after it had been used by a psychiatrist testifying for the defense, erred in not appointing a psychiatrist until eleven days before trial, and erred in allowing the State to call rebuttal witnesses and permitting them to testify. Still further, appellant argues the trial court erred in permitting a police officer to express his opinion as to how long the alleged victims had been dead at the time the officer arrived at the scene. Among the other points of error are a cumulative error contention, a challenge to the sufficiency of the evidence at the penalty stage of the trial, and a constitutional challenge to the 1981 version of TEX.CODE CRIM.PROC.ANN. art. 26.05, § 1(d), in effect during part of the pre-trial proceedings in these cases. Appellant complains of a number of special requested charges which were denied, and he attempts to raise points of error from briefs filed in pre-trial appeals on other matters.

Except as earlier mentioned, the sufficiency of the evidence to sustain the convictions is not challenged. Neither of the parties summarizes the facts in its respective brief. The record shows that the appellant and his wife, Terri Denise Yohey, had separated and were in the process of getting a divorce. In the early morning hours of July 14, 1985, the appellant entered his estranged wife's apartment with a key. She was not home. Appellant had with him his loaded nine-millimeter pistol. He lay down on the bed and waited for his wife. Later when Terri Yohey and Craig Gooch entered the apartment and came into the bedroom they were shot and killed. Gooch was shown to have been shot fifteen times. Seven or eight nine-millimeter bullets were recovered from his body including one in the back of his head. Terri Yohey was shot seven times. Three nine-millimeter bullets and two .22 caliber bullets were recovered from her body. There was some controversy about how long after the shootings the police were called. When the police arrived at the apartment in the northern part of San Antonio around 6:00 a.m. appellant told them he had shot the two individuals. He later gave a written extra-judicial confession. In his testimony appellant states he carried his nine-millimeter weapon into the apartment, as he was afraid it would be stolen if he left it in his truck outside. In the confusion that followed the entry of Gooch and appellant's wife into the bedroom, appellant admitted shooting both. He related his wife had retrieved the .22 caliber pistol from a drawer and shot at him apparently after she had been shot. He admitted taking the .22 caliber pistol from her and then shooting her with it. He related that at one point he gathered the shells and the two guns and left in his truck; that he returned shortly thereafter, scattered the shells in the bedroom, and placed the .22 caliber pistol in Gooch's hand. Appellant stated his wife remained alive and asked him to call EMS (Emergency Medical Services), and he tried but kept misdialing. The police department was later called.

In his initial point of error appellant contends the trial court erred in permitting the State to call rebuttal witnesses without proper notice being given of their appearance as requested in his pre-trial motions. Though not mentioned in his brief, appellant apparently relies upon TEX.R.CRIM. EVID. 404(b) which provides in part that evidence of other crimes, wrongs or acts may become admissible for certain purposes conditioned that upon "timely request by the accused, reasonable notice is given in advance of trial of intent to introduce *in the State's case in chief* such evidence other than that arising in the same transaction (emphasis added)."

By its very terms the notice requirements are not applicable to rebuttal evidence. *Cf. Herring v. State*, 752 S.W.2d 169, 172 (Tex.App.—Houston [1st Dist.], *remanded on other grounds*, 758 S.W.2d 283 (Tex.Crim.App.1988). Appellant's reliance upon Rule 404(b) is misplaced. The first point of error is overruled.

In his second point of error appellant urges that the trial court erred in

permitting the State to call rebuttal witnesses as he did not open the door to such testimony. TEX.CODE CRIM.PROC. ANN. art. 36.01(a)(7) (Vernon Supp.1990) provides that rebutting testimony may be offered by each party. As a general rule the State is entitled to present, on rebuttal, any evidence that tends to refute the defensive theory and evidence introduced to support that theory. *Flannery v. State*, 676 S.W.2d 369, 370 (Tex.Crim.App.1984); *Laws v. State*, 549 S.W.2d 738, 741 (Tex. Crim.App.1977); 23 TEX.JUR. 3rd *Criminal Law* § 2558 (1982 & Supp.1990). The possibility that such rebuttal evidence may encompass extraneous offenses or acts on the part of the defendant does not preclude its admission into evidence. *See* and *cf. Williams v. State*, 662 S.W.2d 344, 346 (Tex.Crim.App.1983); *Beasley v. State*, 634 S.W.2d 320, 322 (Tex.Crim.App.1982).

■ An examination of the record shows there were defensive issues raised by defense testimony authorizing the use of rebuttal testimony. Dr. Robert Kalter, a psychiatrist, testified the killings were not the result of premeditated acts by the appellant, that appellant was incapable of putting together an elaborate plan, and that appellant was not a man of violence save in limited circumstances. Appellant tried to explain why he had his nine-millimeter pistol with him at the time of the killings and testified that he did not always carry a pistol and that he did not own a pistol between 1979 and 1983. Such evidence opened the door to the rebuttal testimony.

Further, the trial court shall allow testimony to be introduced at any time before the conclusion of argument if it appears necessary to the administration of justice. TEX.CODE CRIM.PROC.ANN. art. 36.02 (Vernon 1981); 23 TEX.JUR. 3rd *Criminal Law*, § 2560 (1982). Appellant's second point of error is overruled.

■ In his third point of error appellant contends that the trial court erred in permitting the rebuttal testimony because its inflammatory nature outweighed its probative value. Although not well briefed along these lines, it appears to be appellant's contention that the rebuttal testimony contained evidence of extraneous offense and, thus, was inadmissible. *See* TEX.R.CRIM.EVID. 403 and 404(b).

Rule 404(b) provides in part that evidence of other crimes, wrongs, or acts may become admissible "for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." The "other purposes" listed in Rule 404(b) are not exclusive or exhaustive. *Banda v. State*, 768 S.W.2d 294, 296 (Tex.Crim.App.1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 291, 107 L.Ed.2d 270 (1989); *Torres v. State*, 794 S.W.2d 596 (Tex.App.—Austin 1990, no pet.). Rule 403 provides:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence.

Rule 404(b) recognizes that that evidence of extraneous acts, while inadmissible to prove character, "may, however, be admissible for other purposes," and Rule 403 may come into play in determining the admissibility of that evidence. "It would seem that Rule 403 more strongly favors admissibility than did many of the earlier formulations of the appropriate balancing test; *with the opponent of the evidence bearing the burden of showing* that the probative value is 'substantially outweighed' by the countervailing factors." 33 S. GOODE, O. WELLBORN & M. SHARLOT, GUIDE TO THE TEXAS RULES OF EVIDENCE: CIVIL AND CRIMINAL § 403.1 at 90 (Texas Practice 1988) [hereinafter GOODE] (emphasis supplied); *see also Crank v. State*, 761 S.W.2d 328, 342 n. 5 (Tex.Crim.App.1988), *cert. denied,* —— U.S. ——, 110 S.Ct. 209, 107 L.Ed.2d 162 (1989).

"Unfair prejudice" is a consideration that can justify the exclusion of relevant evidence. The term, however, does not simply mean that the evidence will injure or prejudice the opponent's case, which is, after all, the central point of offering evidence. The

term refers to an " 'an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one' " GOODE, *supra*, § 403.2 at 93; *See also Montgomery v. State* (Tex.Crim. App., Nos. 1090–88 and 1091–88, May 30, 1990).

"In using Rule 403 as a basis of objection, counsel should make (and judges should expect) specific offers of proof or argument rather than bland incantations which do little to help the judge decide whether the evidence is admissible. Indeed, standardized objections of 'prejudicial' will probably not suffice to preserve a Rule 403 objection." H. WENDORF & D. SCHLUETER, TEXAS RULES OF EVIDENCE MANUAL, art. IV at 68 (2nd ed. 1988); *see also* TEX.R.CRIM.EVID. 103 and TEX.R.APP.P. 52.

If it can be said that appellant's objection was sufficient, the appellant did not sustain the burden of showing that the probative value of the evidence was substantially outweighed by the countervailing factors. Appellant's third point of error is overruled.

■ In his fourth point of error appellant contends that the trial court erred in requiring him "to turn over for cross-examination purposes, his personal statement of the case used by the expert."

Dr. Robert Kalter, a court-appointed psychiatrist, was called as a witness by the appellant to testify as to his mental capacity. After a voir dire examination in the absence of the jury directed to the underlying facts and data upon which the doctor based his opinion, the court permitted the witness to testify. *See* TEX.R.CRIM. EVID. 705(b). Dr. Kalter testified that he found appellant had an obsessional personality, but he did not find any particular psychiatric disorder. He admitted that he based his opinion on his examination of and his oral conversations with the appellant, and on police reports and appellant's statements to the police, and on a 1985 written statement of the events made by the appellant. On cross-examination the State asked the court to have the witness produce the appellant's 1985 personally-written statement. The State urged that under TEX.R.

CRIM.EVID. 509 there is no physician-patient privilege in Texas criminal proceedings, and that under TEX.R.CRIM.EVID. 705(a) an expert witness in testifying in terms of opinion or inference "may in any event disclose on direct examination, or be required to disclose on cross-examination, the underlying facts or data, subject to subparagraphs (b) through (d)." Appellant's counsel asserted the 1985 statement was turned over to appellant's first court-appointed attorney and later made available to Dr. Kalter. Counsel stated that he was not urging "privilege," TEX.R.CRIM. EVID. 503 (lawyer-client privilege), and agreed the prosecutor could ask the witness what was in the statement "sentence by sentence." His objection was addressed to having the written statement made available to the prosecution for cross-examination. The court ruled that the State was entitled to the statement. *See* TEX.R. CRIM.EVID. 705(d). Thereafter during cross-examination, three brief references were made to the written statement, which was marked for identification as Defendant's Exhibit number 5. The exhibit was never introduced into evidence or made a part of this appellate record. Appellant did not request any limiting instruction. *See* TEX.R.CRIM.EVID. 705(d); *Plante v. State*, 692 S.W.2d 487, 493 (Tex.Crim.App. 1985).

On appeal appellant states: "The existence of a privilege is not the issue. The issue is whether or not the State was entitled to the document to use in its cross-examination." Appellant does not explain how the cross-examination would have been different if the prosecutor had utilized the procedure he suggested. The State urges the statement is not in the record and the court is not in a position to apprise the claimed error; that appellant did not sustain his burden in seeing that a sufficient record is presented to show error requiring reversal. *See* TEX.R.APP.P. 50(d). We conclude that the trial court did not abuse its discretion in permitting the State to obtain the statement for purposes of cross-examination.

In his argument under this point of error, appellant also mentions that the statement was later improperly used by the prosecutor in cross-examining him. To this use there was no objection. Defense counsel must object every time allegedly inadmissible evidence is offered. *Hudson v. State*, 675 S.W.2d 507, 511 (Tex.Crim.App. 1984); *Prendez v. State*, 786 S.W.2d 99, 100 (Tex.App.—San Antonio 1990, no pet.); *Burton v. State*, 762 S.W.2d 724, 726 (Tex. App.—Houston [1st Dist.] 1988, no pet.); *Hefner v. State*, 735 S.W.2d 608, 619 (Tex. App.—Dallas 1987, pet. ref'd). Appellant's fourth point of error is overruled.

In his fifth point of error appellant contends this court erred "in not holding for Appellant" in previous habeas corpus proceedings. In two previous causes this court affirmed orders by the trial court denying the appellant habeas corpus relief prior to the instant trial. *See Yohey v. State*, No. 04–86–00380–CR (Tex.App.—San Antonio, Sept. 16, 1987); and *Yohey v. State*, No. 04–86–00381–CR (Tex.App.—San Antonio, Sept. 16, 1987) (unpublished opinions).

Appellant directs our attention to the appellate brief filed in these earlier cases, but fails to point out how a purported error by this court in a previous proceeding could result in reversible error in the instant appeal. Appellant had other remedies if he felt there was error in the earlier proceedings. *See* TEX.R.APP.P. 200, *et seq.* He cannot use this appeal as a belated motion for rehearing or now seek an out-of-time petition for discretionary review. Appellant's fifth point of error is overruled.

In points of error numbers 6, 7, 8 and 9 appellant contends the trial court erred in failing to grant his first and first supplemental motions for discovery requesting approval of defense services and the funding of them; erred "in failing to prevent [sic] Appellant's Writ of Habeas Corpus for approval" of such services and funding; and erred in refusing to declare "provisions of Article 26.05, Section 1(d) unconstitutional."

Appellant refers us to the appellate brief filed by his first court-appointed counsel in the separate habeas corpus proceedings to this court, and requests that this court review its decision of September 16, 1987, holding that his pre-trial writ of habeas corpus was not the proper avenue to raise these issues. He adds that "the issue is whether or not the Appellate Court and the Trial Court errored [sic] in denying Appellant's request for funding and for refusing to declare Article 26.05, Section 1(d) of the Texas Code of Criminal Procedure unconstitutional."

In his "argument" under these points appellant does not refer us to the page numbers *in this record* to support his contentions. *See* TEX.R.APP.P. 74(d). He asserts he was indigent and should not have been held to the statutory $500.00 limitation for the appointment of experts. He does acknowledge that TEX.CODE CRIM.PROC.ANN. art. 26.05 (Vernon 1989) was amended effective September 1, 1987, abolishing the arbitrary limitation and giving the trial court greater discretion. Since the 1987 amendment to article 26.05 was in place some five-and-a-half months before the instant trial, appellant does not show just how he was harmed. *See Phillips v. State*, 701 S.W.2d 875, 895 (Tex.Crim.App.1985), *cert. denied*, 477 U.S. 909, 106 S.Ct. 3285, 91 L.Ed.2d 574 (1986). When challenging the constitutionality of a statute, it is incumbent upon a defendant to show that in its operation the statute is unconstitutional to him in his situation; that it may be unconstitutional to others is not sufficient. *Bynum v. State*, 767 S.W.2d 769, 774 (Tex.Crim.App.1989). His attack is upon the former version of article 26.05 and he has failed to sustain his burden. In fact, in light of Rule 74, nothing is presented for review with regard to points of error 6, 7, 8 and 9, and those points are overruled.

Appellant groups points of error numbers 10, 11 and 12. These points urge that appellant's constitutional rights to the effective assistance of counsel, both federal and state, were violated (1) by the trial court's failure to approve all the requested private expert assistance for his defense; (2) by failure to approve adequate funding

for the same in excess of $500.00; and (3) by the provisions of TEX.CODE CRIM. PROC.ANN. art. 26.05 § 1(d) (Vernon 1989), as enacted in 1981 and applicable during part of the pre-trial period of the instant cases, which limited the funding to $500.00.

In support of these points appellant refers us to the brief filed by his first appointed counsel in connection with a pre-trial application in the Court of Criminal Appeals for a writ of mandamus which was denied. *See Ex parte Yohey* (Tex.Crim. App., No. 16,286–01, Sept. 11, 1986). He notes that the brief was made a part of this record and can be found in a supplemental transcription. Our attention is directed to the points in the brief designated as "Roman Numerals I, II and III" which appellant now adopts for the purpose of this appeal. Appellant then generally refers us to over a hundred pages of the instant record to review, and the trial court's rulings on discovery motions and on an application for writ of habeas corpus. We conclude that the same does not comply with the briefing requirements of TEX.R. APP.P. 74. Nothing is presented for review.

Nevertheless, an examination of the record referred to fails to reveal that appellant raised and supported by evidence the issue of ineffective assistance of counsel to satisfy the two-prong test of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) which has been adopted in Texas. *See Hernandez v. State,* 726 S.W.2d 53 (Tex.Crim.App.1986). The points of error are overruled.

Appellant also groups points of error numbers 13 through 17. In these points appellant complains that his right to due process and fundamental fairness under both the federal and state constitutions were violated. He contends that the trial court's failure to approve and provide adequate funding for private expert assistance to develop exculpatory or mitigating evidence and for expert psychiatric assistance in a timely fashion in excess of the $500.00 limitation in the former section 1(d) of

TEX.CODE CRIM.PROC.ANN. art. 26.05 forms the basis of the due process violations.

Here again, appellant notes that these points of error were previously raised by his first court-appointed attorney in a brief filed in support of a pre-trial application for a writ of mandamus which was denied. *Ex parte Yohey,* (Tex.Crim.App., No. 16,286–01, Sept. 11, 1986). Appellant tells us that the argument and authority for these points "are well set out in that Brief" which now has been filed in the instant record. He refers generally to "Roman Numerals IV, V, VI, VII and VIII" in that brief, and calls our attention to "(SF Vol. VIII, pages 112–114)" [3] and the trial court's rulings on pre-trial motions for discovery, on an application for writ of habeas corpus, and a request to hold article 26.05, section 1(d), then in effect, unconstitutional. The briefing requirements of TEX.R.APP.P. 74 have not been met. Nothing is presented for review.

Nevertheless, an examination of the record fails to show that the appellant supported by evidence any claim of pre-trial violation of due process or fundamental fairness. The hearings and trial court's rulings referred to occurred on July 21, 1986. The instant trial commenced on February 16, 1988.

■ In the absence of a showing that a defendant was denied funds for expenses, if any, incurred for purposes of investigation and expert testimony, a claim that the authorizing statute denied an indigent defendant equal protection and due process will not be addressed on appeal. *Quin v. State,* 608 S.W.2d 937, 938–39 (Tex.Crim. App.1980); *see also Barney v. State,* 698 S.W.2d 114, 128 n. 6 (Tex.Crim.App.1985); *Reed v. State,* 644 S.W.2d 479, 481–82 (Tex. Crim.App.1983). The points of error are overruled.

Points of error numbers 18, 19, 20 and 21 are also grouped by appellant. In points of error numbers 18 and 19 appellant contends that the failure of the trial court to approve and provide adequate funding for

---

3. The reference is inaccurate. There are no such pages in said "SF Vol. VIII.

private expert assistance "forces" counsel into violation of the Texas Code of Professional Responsibility, DR 5–101(A) and DR 6–101(A)(2), State Bar Rules, Article 10, Section 9, as amended and effective March 1, 1984.[4] Points of error 20 and 21 contend the trial court's failure to approve and provide adequate funding for private expert assistance "puts" counsel in a conflict between his own financial interest and the interest of the accused in having an adequate defense, and results in the "taking" of property from counsel for an indigent without due process and just compensation "if counsel must spend personal funds for investigation and expert assistance."

Once again, appellant simply refers us to the "mandamus" brief filed by his first appointed counsel and several points designated therein as "Roman Numerals IX, X, XI and XII." We are asked again to review over a hundred pages of the record to determine if we can find some support for appellant's contentions. There has been no compliance with TEX.R.APP.P. 74. Nothing is presented for review.

■ An examination of the record indicates the claims are based on the speculation of appellant's first court-appointed counsel. There is no evidence in the record to support these pre-trial assertions. There is nothing to indicate that appellant's first counsel was not adequately compensated as court-appointed counsel, or that he incurred "out of pocket" expenses to provide for private expert assistance. Further, violations of disciplinary rules by attorneys are to be dealt with by means of the administrative mechanisms set forth within those rules; they are not to be utilized in such a way to attack a judgment of a criminal conviction. *See* and *cf. Henrich*

*v. State*, 694 S.W.2d 341 (Tex.Crim.App. 1985), *cert. denied*, 482 U.S. 913, 107 S.Ct. 3183, 96 L.Ed.2d 672 (1987); *Pannell v. State*, 666 S.W.2d 96 (Tex.Crim.App.1984). The points of error are overruled.

In point of error number 22 appellant contends that the $500.00 limitation provision of TEX.CODE CRIM.PROC.ANN. article 26.05, section 1(d) as enacted in 1981 and in effect during part of the pre-trial period (now repealed), was unconstitutional by violating the concept of separation of powers. *See* TEX. CONST. art. II, § 1.

Appellant contends that the Legislature in the former version of the statute infringed upon the power of the judiciary which is prohibited. He does not mention the 1987 amendment to article 26.05 which removed the complained-of limitation (Acts 1987, 70th Leg., ch. 979, § 1, effective Sept. 1, 1987). The new amendment was in effect some five-and-a-half months prior to the instant trial.

When challenging the constitutionality of a statute, it is incumbent upon a defendant to show that in its operation the statute is unconstitutional as to him in his situation; that it may be unconstitutional to others is not sufficient. *Bynum v. State*, 767 S.W.2d 769, 774 (Tex.Crim.App.1989). Courts will not decide constitutional issues on a broader basis than the record requires. *Quin v. State, supra; Threlkeld v. State*, 558 S.W.2d 472, 474 (Tex.Crim. App.1977).

■ Moreover, it is well settled that a defendant complaining of improper action under article 26.05 must present and preserve evidence in the record of harm and injury. *Phillips v. State*, 701 S.W.2d 875, 895 (Tex.Crim.App.1985). The record must

---

**4.** These disciplinary rules may be found in TEX. GOV'T CODE ANN. Title 2, Subsec. G. App. State Bar Rules, art. 10, § 9 (Vernon 1988). A new Code of Professional Responsibility has been promulgated by the Supreme Court of Texas effective January 1, 1990. *See* TEX. GOV'T CODE ANN. Title 2, Subsec. G. App., State Bar Rules, art. 10, § 9 (Vernon Supp.1990). The new code is not applicable to the instant case.

Disciplinary Rule 5–101(A) provided:

"Except with the consent of his client after full disclosure, a lawyer shall not accept employment if the exercise of his professional judgment on behalf of his client will be or reasonably may be affected by his own financial, business, property, or personal interests."

Disciplinary Rule 6–101(A)(2) stated:

"(A) A lawyer shall not: ... (2) Handle a legal matter without preparation adequate in the circumstances."

These disciplinary rules quoted above have been replaced by the 1990 Code of Professional Conduct. *See generally* Comments to Disciplinary Rules 1.01, 1.06(b)(2) and 5.04.

reflect some specific need for the funds, such as the need for a particular expert or witness, and in what manner the defendant will be harmed if the funds are not provided. *Sanne v. State*, 609 S.W.2d 762 (Tex. Crim.App.1980), *cert. denied*, 452 U.S. 931, 101 S.Ct. 3067, 69 L.Ed.2d 432 (1981). The appellant failed to sustain his burden. We decline to pass on the constitutionality of the repealed statute as it applied to appellant. Point of error number 22 is overruled.

In point of error number 23 appellant urges "the trial court errored [sic] in not providing the expert assistance to Appellant in the order requested in his First Amended Motion For Approval of Court Appointed Experts under Article 26.05 of the Tex.C.Crim.P. as amended September 1, 1987."

Appellant fails to point out the page or pages of the record where his motion is to be found. Further, appellant does not direct our attention to that part of this voluminous record where a hearing and ruling on that motion was had. He cites no authorities and his brief statement does not clarify what type of experts were sought. The point of error does not comply with TEX.R.APP.P. 74(c), (d) and (f). Nothing is presented for review.

The State's response was of no assistance in locating the matter complained of in the record. A page-by-page search, which an appellate court should not be required to make, reveals a motion filed on January 29, 1988, nineteen days prior to the trial, requesting the appointment of three unnamed and undesignated "experts" in addition to an already court-appointed investigator. Another page-by-page search reveals a hearing was conducted on such motion on February 5, 1988, eleven days before trial. The names and professions of the "experts" theretofore under seal were revealed to the court for its examination in camera, but were not revealed to the State. At the conclusion of the hearing the trial court appointed only Dr. Robert Kalter, a psychiatrist, as requested. The court authorized the payment of $1,500.00 for his services. Appellant's objection was that in order of priorities he would have preferred that the physical evidence expert or the forensic firearms examiner had been appointed first.

The appointment of expert witnesses lies within the discretion of the trial court. *Stoker v. State*, 788 S.W.2d 1, 16 (Tex.Crim.App.1989); *Barney v. State*, 698 S.W.2d 114, 126 (Tex.Crim.App.1985). Absent a demonstration of harm, an appellate court will not reverse a conviction based on a trial court's refusal to appoint an expert witness. *Quin v. State*, 608 S.W.2d 937, 939 (Tex.Crim.App.1980). The point of error is overruled.

In point of error number 24 appellant contends that the "trial court errored [sic] by not providing Appellant with a psychiatrist until eleven (11) days prior to trial, thus denying him the necessary time to develop this critical testimony." The entire argument presented under this point is: "The court made it clear to Appellant and the State that the case would not be reset because of appointment of experts.... The complexities of the case dictate that more time should have been granted Appellant in order to prepare Appellant's expert for trial." Points of error which are not properly briefed do not present anything for review. TEX.R.APP.P. 74(f); *Hefner v. State*, 735 S.W.2d 608, 626–27 (Tex.App. —Dallas 1987, pet. ref'd).

Appellant announced "ready" for trial. No motion for continuance was filed. Dr. Robert Kalter was appointed eleven (11) days prior to trial, but he did not testify until the ninth day of trial. At no time did Dr. Kalter testify that he had not been given sufficient time to evaluate the appellant. He interviewed appellant on three occasions, was furnished various documents and reports from both the State and counsel for appellant and had time to review all documents before formulating an opinion.

Further, it appears that the appointment of Dr. Kalter was made as a result of appellant's motion filed January 29, 1988, nineteen (19) days before trial. The motion was presented to the court at a hearing on

February 5, 1988, eleven (11) days prior to trial. The point of error is overruled.

■■■ Appellant urges that the trial court erred in overruling appellant's motion to quash the indictments because notice of which particular gun caused the death of each alleged decedent was not given. Appellant contends in his point of error number 25 that he was unable to prepare an adequate defense. He cites no authority and advances no argument save that the trial testimony showed that Terri Yohey was shot by two different guns, and there was speculation that Craig Gooch was shot with two different guns.

Each indictment alleged the appellant caused the death of the alleged deceased by "shooting the said complainant with a gun." Appellant's motion requested that the State clearly specify "at least by caliber type, ... the two or more weapons allegedly fired at the scene" which caused the deaths.

*Livingston v. State,* 739 S.W.2d 311 (Tex.Crim.App.1987), *cert. denied,* 487 U.S. 1210, 108 S.Ct. 2858, 101 L.Ed.2d 895 (1988) has been decided contrary to appellant's contention. There it was stated:

It is well settled that indictment language alleging the murder weapon as a "gun" is sufficient without further specific description of the type of gun. (Citations omitted). We find that the charging instrument in question did not fail to convey some requisite item of "notice", but charged the commission of the offense "in ordinary and concise language in such a manner as to enable a person of common understanding to know what is meant, and with that degree of certainty that will give the defendant notice of the particular offense with which he is charged."

739 S.W.2d at 322.

The record shows that both Terri Yohey and Craig Gooch were killed by bullets from a nine-millimeter pistol owned by the appellant and which appellant admitted firing. Terri Yohey's body also had been shot with a .22 caliber weapon. Appellant testified that after Terri had been shot he took a .22 caliber pistol from her and shot her

again with that weapon. We find no error in the overruling of the motion to quash. The point of error is overruled.

■■■■■■ In point of error number 26 appellant challenges the sufficiency of the evidence to "uphold a finding of a life sentence." This contention is based on the premise that the only evidence offered at the penalty stage of the trial was that offered by appellant. He asks for a new trial on the issue of punishment. Appellant overlooks the fact that there is no requirement in the law that evidence from the guilt stage of the trial be re-offered at the penalty stage of the bifurcated trial. *See Tamminen v. State,* 653 S.W.2d 799, 802 (Tex.Crim.App.1983). *Wright v. State,* 468 S.W.2d 422, 424 (Tex.Crim.App.1971); *Morales v. State,* 416 S.W.2d 436, 437 (Tex.Crim.App.1967). At the penalty stage of the trial the jury may consider all of the evidence adduced at the guilt stage. *Stoker v. State,* 788 S.W.2d 1, 7 (Tex.Crim.App. 1989); *Santana v. State,* 714 S.W.2d 1, 8 (Tex.Crim.App.1986). The point of error is overruled.

■■■ Without citation of authority appellant contends in point of error number 27 that the trial court erred in permitting the testimony of an officer regarding the time of death of the alleged victims, when the officer was not shown to be competent to make such determinations.

Apparently appellant refers to the testimony of San Antonio Police Officer James Miller, who stated he received a radio dispatch about 6 a.m. on July 14, 1985 and proceeded to 11200 Perrin–Beitel Road where he was directed to apartment 517 by the appellant. Appellant told Miller that he had shot two people. Miller revealed he first found the body of Craig Gooch. There was no pulse and the body was "clammy cold." After establishing that Miller had been at shooting scenes where people had died, the prosecutor asked, based on Miller's experience, how long it takes a body "to get cold after it ceases to live." Appellant objected that Miller was not a "medical person" and not qualified to answer. The State then established that

Miller had "many occasions" to arrive at shooting scenes both immediately after a person had been shot, and where the individual had been dead for some period of time. On voir dire examination by the defense, Miller admitted he had no medical training, but stated that he had classes at the police academy and saw films, "human anatomy or physiology or books that I read in college"; that he had been to four or five shootings where death had resulted, and in two or three he had made the determination that the person was dead. Thereafter the court overruled appellant's objection. Miller then expressed his opinion from an examination of Gooch's body and based on his experience that death had not occurred within the hour. Miller also testified he made a similar examination of the female body, and over objection, testified in his opinion "that she had been deceased longer...."

Appellant does not brief the admissibility question, but argues the improperly-admitted testimony was later used to attack his credibility as a witness after he testified that the police had arrived at the scene between twenty and forty minutes after the shootings. Given the circumstances, we conclude that the evidence was admissible under both TEX.R.CRIM.EVID. 701 (Opinion Testimony by Lay Witnesses) and 702 (Testimony by Experts). "... [A] witness may qualify to give testimony both under Rule 702 because of his superior experiential capacity and under Rule 701 if his testimony and opinion are based on first hand knowledge." H. WENDORF & D. SCHLUETER, TEXAS RULES OF EVIDENCE MANUAL, art. VII at 265 (2nd ed. 1988). The challenge went to the weight of the testimony, not to its admissibility. The trial court did not abuse its discretion in admitting the testimony. The point of error is overruled.

Next, appellant contends that "all points of error when looked at under the totality of the circumstances shows [sic] that the defendant did not receive a fair trial under the United States Constitution and Texas Constitution." This is point of error number 28 and it presents a cumulative error type of approach. We are asked to look at

all points of error and to reverse the convictions.

No authorities are cited and the point of error is not briefed in accordance with TEX.R.APP.P. 74(f). Further, this is not a properly-presented point of error and presents nothing for review, as noted in *Stoker v. State*, 788 S.W.2d 1, 18 (Tex. Crim.App.1989).

In his point of error 29 appellant contends that the trial court erred in consolidating the two causes (No's. 85-CR-3303 and 85-CR-3304) for trial in violation of TEX.PENAL CODE ANN. § 3.02 (Vernon 1974) and his objection. Appellant argues that the State failed to give the required written notice 30 days prior to trial. Section 3.02 (Consolidation and Joinder of Prosecutions) provides in part:

(a) A defendant may be prosecuted in a single criminal action for all offenses arising out of the same criminal episode.

(b) When a single criminal action is based on more than one charging instrument within the jurisdiction of the trial court, the state shall file written notice of the action not less than 30 days prior to the trial.

*Id.* The term "criminal episode" is defined in TEX.PENAL CODE ANN. § 3.01 (Vernon Supp.1990). The definition was considerably broadened by the 1987 amendment to the statute (Acts 1987, 70th Leg., ch. 387, § 1, effective Sept. 1, 1987). It is now broad enough to encompass the instant cases. However, while procedural statutes normally become applicable upon their effective dates, Section 2 of the 1987 amendatory act provides:

"(a) The change in law made by this Act applies to the joinder of prosecutions of offenses arising out of a single criminal episode only if each offense occurs after the effective date of this Act. For purposes of this section, an offense is committed before the effective date of this Act if any element of the offense occurs before the effective date.

(b) The joinder of prosecutions for offenses arising out of a single criminal episode if any of the offenses was com-

mitted before the effective date of this Act is covered by the law in effect before the changes made by this Act, and the former law is continued in effect for this purpose."

The instant offenses occurred on July 14, 1985, so even though the trial took place in February, 1988, the former 1973 version of section 3.01 was applicable. That version provided:

In this chapter, 'criminal episode' means the repeated commission of any one offense defined in Title 7 of this code (Offenses Against Property).

The 1973 version of section 3.01 limited the application of section 3.02 to offenses encompassed by Title 7 of the Texas Penal Code, entitled "Offenses Against Property." *Smith v. State*, 575 S.W.2d 41, 42 (Tex.Crim.App.1979); *Lumpkin v. State*, 681 S.W.2d 885, 889 (Tex.App.—Fort Worth 1984, no pet.). It did not apply to offenses against persons. *Boutwell v. State*, 653 S.W.2d 108 (Tex.App.—Austin, 1983) *aff'd*, 719 S.W.2d 164 (Tex.Crim.App.1985). Thus, the provisions of section 3.02 requiring the State to give a written 30 days' notice of consolidation were not applicable to the instant cases of murder.

■■■ There is no authorization in Texas law for any other type of consolidation than that provided by Chapter 3 of the Texas Penal Code, but the improper consolidation or joinder does not deprive the trial court of jurisdiction. *Simmons v. State*, 629 S.W.2d 38, 40 (Tex.Crim.App.1981). It has long been the rule in this state that where a defendant is faced with multiple pending indictments, they may be consolidated into a single proceeding with the express or implied (by the failure to object) consent of the defendant. *Milligan v. State*, 764 S.W.2d 802, 803 (Tex.Crim.App. 1989); *Garza v. State*, 687 S.W.2d 325, 329 (Tex.Crim.App.1985); *Watson v. State*, 488 S.W.2d 816, 817–18 (Tex.Crim.App.1972); *Jones v. State*, 480 S.W.2d 623 (Tex.Crim. App.1972); *Royal v. State*, 391 S.W.2d 410, 411 (Tex.Crim.App.1965). As a result, a defendant in failing to object to the consolidation of two or more indictments into a

single trial is deemed to have given consent. *Milligan, supra,* at 803.

■■■ Four months after the first announcement of "ready," the appellant, by and through his first court-appointed counsel, filed a written objection to the consolidation of the two cases on October 2, 1986. In January, 1987, appellant was determined not to be indigent, and his first court-appointed counsel was relieved of his duties. On March 10, 1987, different counsel was appointed. During the fifteen months from the filing of the motion until the trial commenced on February 16, 1988, there is nothing in the record to show that the objection was called to the attention of the trial court or that the appellant obtained a ruling on his written objection. At the time of trial appellant announced "ready" and voiced no objection to the consolidation. The complaint is now raised on appeal. Under the circumstances, including the failure to secure a ruling from the trial court on his written objection, the appellant has waived any complaint and implicitly consented to the consolidation. *See generally Valore v. State*, 545 S.W.2d 477, 481 (Tex. Crim.App.1977); *Johnson v. State*, 504 S.W.2d 493 (Tex.Crim.App.1974); *Archer v. State*, 714 S.W.2d 116 (Tex.App.—San Antonio 1986, no pet.); TEX.CODE CRIM. PROC.ANN. art. 1.14(a) (Vernon Supp. 1990).

If it can be argued that error occurred, the error was harmless beyond a reasonable doubt under the test of TEX.R.APP.P. ANN. 81(b)(2). It has been said that where the offense is one continuous transaction, or another offense is a part of the case on trial, or blended or closely interwoven therewith, proof of all the facts is proper. *Maynard v. State*, 685 S.W.2d 60, 66 (Tex. Crim.App.1985); *Taylor v. State*, 420 S.W.2d 601, 605 (Tex.Crim.App.1967), *overruled on other grounds, Jackson v. State*, 548 S.W.2d 685, 690 n. 1 (Tex.Crim.App. 1977); *Bratcher v. State*, 771 S.W.2d 175, 181 (Tex.App.—San Antonio 1989, no pet.). If only one of the offenses had been on trial the proof of all the facts surrounding both killings would have been admissible. Appellant has made no effort to show how

he was harmed. We conclude beyond a reasonable doubt that if there was error it did not contribute to the conviction or the punishment assessed. Appellant's point of error number 29 is overruled.

Appellant's point of error number 30 contends the trial court erred in denying the motion for mistrial when the State mentioned insurance. Appellant called his civil lawyer, Pat Camp, as witness. Camp was handling the pending divorce suit at the time of the alleged offenses. On cross-examination of Camp the following occurred:

Q. Under the terms of their settlement agreement, one of the things that you mentioned in response to Mr. Hutton's question was that upon divorce, he [appellant] would no longer be a beneficiary of any kind under life insurance policies?

A. I would presume so.

Q. That is very common in a divorce, isn't it, sir?

A. Yes, it is usually changed.

Q. Yes, sir, but under the agreement, up until the date the divorce was granted, assuming he was the beneficiary under life insurance policies, he would remain so until the divorce was granted?

A. Well, yes. That's right. I presume so. That is the general rule.

MR. HUTTON (Defense Counsel): Your Honor, could we approach the bench?

THE COURT: Yes.

MR. HUTTON: Your Honor, at this time, we would object to the line of questioning. I think there has been a prior ruling of the court as to a receiver of life insurance.

THE COURT: Objection sustained. Members of the jury, disregarding this about insurance, please; it is very important that you do.

MR. HUTTON: And obviously, this is not relevant to their case at this time. And at this time, we ask for a mistrial.

THE COURT: Motion denied.

■ In order to complain on appeal that the trial court erred in admitting improper testimony the defendant must lodge a timely and specific objection. TEX.R.APP.P. 52; TEX.R.CRIM.EVID. 103(a); *Arm-strong v. State*, 718 S.W.2d 686, 699 (Tex.Crim.App.1985); *Thompson v. State*, 691 S.W.2d 627, 635 (Tex.Crim.App.1984), *cert. denied*, 474 U.S. 865, 106 S.Ct. 184, 88 L.Ed.2d 153 (1985); *Granviel v. State*, 552 S.W.2d 107 (Tex.Crim.App.1976), *cert. denied*, 431 U.S. 933, 97 S.Ct. 2642, 53 L.Ed.2d 250 (1977). An objection which is made after the objectionable testimony has been received is untimely, and any potential error is waived. *Mulder v. State*, 707 S.W.2d 908, 917 (Tex.Crim.App.1986). In the instant case the objection was not voiced until after the complained-of testimony had been elicited. Nothing is presented for review. *Durkovitz v. State*, 771 S.W.2d 12, 15 (Tex.App.—San Antonio 1989, no pet.).

■ Further, on direct examination of attorney Camp, appellant introduced into evidence a property settlement agreement drafted by Camp in connection with the pending divorce case. Said agreement contained a clause entitling the deceased (Terri Yohey) to retain ownership of any or all policies of life insurance owned by or carried by her. The issue having been injected into evidence by the appellant, the State sought clarification on cross-examination to counter any impression left by appellant that he had no financial interest in the demise of his estranged wife. *See generally Birdwell v. State*, 510 S.W.2d 347 (Tex.Crim.App.1974); *Lucas v. State*, 479 S.W.2d 314, 315 (Tex.Crim.App.1972).

Still further, the trial court sustained appellant's general objection and instructed the jury to disregard the testimony. The court's instructions cured the error, if any. *McKay v. State*, 707 S.W.2d 23 (Tex.Crim.App.1985), *cert. denied*, 479 U.S. 871, 107 S.Ct. 239, 93 L.Ed.2d 164 (1987); *Franklin v. State*, 693 S.W.2d 420 (Tex.Crim.App.1985), *cert. denied*, 475 U.S. 1031, 106 S.Ct. 1238, 89 L.Ed.2d 346 (1986).

Appellant makes reference to a previous trial ruling of the court. The ruling was not on a motion in limine. Earlier, the court, in the absence of the jury, heard the proffered testimony of George White, the brother of the deceased, Terri Yohey, about

his conversation with the appellant concerning the insurance policy or policies of the deceased. The court held the testimony to be too prejudicial and inadmissible. The State takes the position that White's testimony was admissible under TEX.R. CRIM.EVID. 404(b) to show motive and that the appellant believed he would stand to benefit financially from the death of his estranged wife. Be that as it may, the earlier trial ruling did not affect the validity of the ruling denying the motion for a mistrial. Appellant's point of error is overruled.

In point of error number 31 appellant argues that the trial court erred "in denying Appellant's requested Charge No. 5 on the definition of serious bodily injury in the paragraph on self-defense."

In its charge the court in abstractly instructing the jury on the law of self-defense gave the statutory definition of "serious bodily injury." *See* TEX.PENAL CODE ANN. § 1.07(a)(34) (Vernon 1974). In his special requested charge on self-defense appellant included his own definition of "serious bodily injury" which deleted several phrases from the statutory definition. Appellant now argues that the jury needed his definition of the term so it might properly consider "whether the shooting with the 22 [sic] gun actually caused the death of Terri Yohey or simply caused serious bodily injury." The evidence showed that Terri Yohey was shot with both nine-millimeter and .22 caliber bullets, but that death was caused by a nine-millimeter bullet. Even according to appellant's own version of the facts Terri Yohey was first shot with the nine-millimeter pistol, and subsequently by the .22 caliber weapon. The court did not err in denying the requested charge. The point of error is overruled.

In point of error number 32 appellant contends the trial court erred in denying his special requested charge "explaining real or apparent danger surrounding the conduct of the deceased Terri Denise Yohey" which he urges pointed out what the jury could consider in deciding the issue of self-defense. Without more, appellant simply sets out his requested charge. Points of error not supported by argument and authorities are waived. TEX.R.APP.P. 74(f); *see Cox v. State*, 762 S.W.2d 710 (Tex.App.—Houston [1st Dist.] 1988, pet. ref'd); *Hefner v. State*, 735 S.W.2d 608 (Tex.App.—Dallas 1987, pet ref'd); *Bonner v. State*, 728 S.W.2d 921 (Tex.App.—Houston [1st Dist.] 1987, no pet). Nothing is presented for review. Further, the charge given was substantially the same as the one requested. No error is shown. *See Philen v. State*, 683 S.W.2d 440, 445 (Tex. Crim.App.1984); *De La Garza v. State*, 650 S.W.2d 870, 878 (Tex.App.—San Antonio 1983, pet. ref'd). *See also LeDuc v. State*, 593 S.W.2d 678 (Tex.Crim.App.1979).

In point of error number 33 appellant contends the trial court erred in denying his special requested charge "regarding serious bodily injury to Terri Denise Yohey." Here again the appellant simply sets out the requested charge and advances no argument. He cites no authorities. Nothing is presented for review. TEX.R. APP.P. 74. *See also Pierce v. State*, 777 S.W.2d 399 (Tex.Crim.App.1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 2603, 110 L.Ed.2d 283 (1990). The State urges that the requested charge was a comment by the court on the weight of the evidence, which is prohibited. TEX.CODE CRIM.P. art. 36.14 (Vernon Supp.1990); *Whaley v. State*, 717 S.W.2d 26 (Tex.Crim.App.1986). That aside, the charge given adequately protected appellant's rights. The point of error is overruled.

In point of error number 34 appellant contends the trial court erred in denying his special requested charge "regarding the written statement made to police by Appellant." Appellant states that the requested charge deleted the term "confession" from the court's charge and more adequately presented what facts and circumstances the jury could consider in determining whether the statement was voluntary. Then, without more, the requested instruction is set out. The point of error is not supported by argument or authorities. TEX.R.APP.P. 74(f); *Hefner, supra.* The appellant fails to point out the evidence which would support the requested charge.

*See Brooks v. State,* 642 S.W.2d 791, 799 (Tex.Crim.App.1982). Nothing is presented for review. The court's charge on the voluntariness of appellant's statement adequately protected appellant's rights. The point of error is overruled.

In points of error numbers 35, 36, 37, 38, 42 and 43 appellant complains the trial court erred in denying his special requested charges on the lesser included offenses of involuntary manslaughter and criminally negligent homicide. Appellant claims only the issues of murder, voluntary manslaughter and self-defense were submitted to the jury. In point of error number 39 appellant urges that the trial court erred in denying his special requested charge regarding the choice between involuntary manslaughter and criminally negligent homicide. This latter charge, of course, would not be applicable unless the earlier requested instructions were given. Once more, appellant sets forth the requested charge but does not brief the points of error in accordance with TEX.R.APP.P. 74; *Hefner, supra.* Appellant fails to point out what evidence raises the issues, or how the evidence satisfies the two-pronged *Royster* analysis to justify the submission of the lesser-included offenses. *Royster v. State,* 622 S.W.2d 442, 446 (Tex.Crim.App. 1981) (on reh'g). *See also Godsey v. State,* 719 S.W.2d 578, 584 (Tex.Crim.App.1986); *Aguilar v. State,* 682 S.W.2d 556, 558 (Tex. Crim.App.1985). Nothing is presented for review. Points of error numbers 35 through 39 and 42 and 43 are overruled.

In points of error numbers 40 and 41 appellant contends the trial court erred in denying his special requested charges "explaining real or apparent dangers surrounding the conduct of the deceased, Craig Thurston Gooch" and regarding the death of Gooch being caused by Terri Yohey. The points of error are not briefed in accordance with TEX.R.APP.P. 74. The requested charges are set out, but appellant fails to point out, even if the evidence supported the requested charges, how they were relevant in the court's charge regarding the murder of Terri Yohey. The court submitted two separate and distinct charges. Nothing is presented for review. The points of error are overruled.

In his last point of error, number 44, appellant contends the trial court erred in denying his pre-trial motion to suppress his voluntary statement after a pre-trial hearing. All that appellant offers is the following:

The evidence shows that Appellant received a graze wound to his arm the morning of the incident.... This fact along with the other evidence *brought out at the trial* by the first officers on the scene that Appellant was somewhat confused indicate that the Motion To Suppress should have been granted (emphasis supplied).

The point of error has not been briefed in accordance with TEX.R.APP.P. 74(f); *Hefner, supra.* Nothing is presented for review. An examination of the suppression hearing reveals no apparent error. If evidence at the trial raised any question about the validity of the court's suppression ruling, we do not find that appellant called it to the trial court's attention. The point of error is overruled.

The judgment of the trial court is affirmed.