NO. 07-01-0266-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



OCTOBER 8, 2002


______________________________



GONZALO M. GARCIA JR.
,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 137th DISTRICT COURT OF LUBBOCK COUNTY;



NO. 99-431,825; HON. CECIL G. PURYEAR, PRESIDING


_______________________________



Before QUINN and REAVIS, JJ. and BOYD, SJ. (1)

 Appellant Gonzalo M. Garcia Jr. appeals his conviction for delivery of a controlled
substance. Guilt was established via his open plea of guilty, after which the trial court
assessed punishment. His sole issue on appeal involves his motion to appoint a
psychiatrist and a neurologist to "conduct a psychiatric and neurological (respectively)
examination of [him] as to [his] competency to stand trial and as to the possible defense
of insanity . . . ." Appellant argues that the trial court erred when it allegedly refused to
appoint a neurologist. We affirm the judgment for several reasons.

 First, in acting upon the motion, the trial court stated that it "will order . . . [appellant]
to be examined by someone appointed by the Court . . . [and] will deny the request for an
expert for the Defense at this time." After a pause, it then said that it was "going to grant
the Motion for Psychiatric Examination of [appellant]" and that it "appoint[ed] Dr. Preston
Shaw for the purpose of determining whether or not the Defendant is presently competent
to stand trial in this cause . . . ." (2) These were the sum and substance of the trial court's
utterances regarding the motion. And, from them, one can see that it said nothing about
the appointment of a neurologist. It neither granted nor denied that aspect of the motion
when addressing it in open court. Nor did our review of the appellate record uncover 1)
a written order manifesting, implicitly or explicitly, whether the trial court denied appellant
the opportunity to be examined by a neurologist or 2) indication that the trial court refused
to rule on the request. (3) Given this, we cannot say that the pending issue was preserved
for review since appellant failed to secure a ruling upon that part of the motion now forming
the basis of his appeal. Tex. R. App. P. 33.1(a)(2) (stating that the complainant must
secure an implicit or explicit ruling upon his request, objection, or motion to perfect his
complaint for review or the record must illustrate that the trial court refused to rule and the
complainant objected to the refusal).

 Second, in Quin v. State, 608 S.W.2d 937 (Tex. Crim. App. 1980), the defendant
also requested the appointment of both a psychologist and neurologist to examine him. 
The request for a psychologist was granted, but that for a neurologist was denied. And,
much like appellant here, the appellant there argued that the refusal to appoint a
neurologist to examine him was error. The high court rejected the contention, however. 
In doing so, it noted that "[t]he distinctions and differences in approach between a
neurologist and psychologist were not called to the trial court's attention in appellant's
motions nor was evidence of such presented to the court prior to a ruling on the motions." 
Id. at 938. The situation before us is akin to that in Quin. Here, as there, appellant failed
to explain to the trial court, via evidence or argument, "the distinctions and differences in
approach between a neurologist and [psychiatrist] . . . prior to a ruling on the motion. . . ." (4) 
Id. Nor can we conclude that such differences were so patently apparent that they did not
have to be stated. Id. Given this, "we perceive no harm suffered by appellant due to the
court's [alleged] refusal to appoint a neurologist." Id. 

 Accordingly, we affirm the judgment entered below. 


 Brian Quinn

 Justice


Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. tex. gov't
code ann. §75.002(a)(1) (Vernon Supp. 2002). 
2. Though the record indicates that Dr. Shaw was a psychiatrist, it does not reveal whether he was also
a neurologist. That would seem pertinent to the extent appellant argues he was entitled to an examination
by a neurologist as well as a psychiatrist. For purposes of this appeal, however, we will assume that Shaw
is not a neurologist. 
3. Immediately before trial and in relation to another pretrial motion, appellant represented to the court
that it denied his request to be examined by a neurologist. Yet, he did not cite to any particular order; nor
did we find one in the record before us. Instead, we can only deduce that appellant assumed the trial court
overruled that aspect of his motion.
4. Appellant's attempt to explain those differences for the first time in his appellate brief via
references to several books comes too late. Simply put, they were not grounds presented below as required
by Texas Rule of Appellate Procedure 33.1(a). See Oulare v. State, 76 S.W.3d 231, 233 (Tex.
App.-Amarillo 2002, no pet.) (holding that the specific grounds for the objection must be stated to preserve
the complaint for appeal). Nor do we find evidence of record indicating that Dr. Shaw could not or would not
detect maladies which a neurologist could or would. In other words, if a psychiatrist (who is a trained medical
doctor) could perform tests like those which a neurologist could perform there may be no need for the
appointment of a neurologist.