NO. 07-01-0266-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

OCTOBER 8, 2002

______________________________

GONZALO M. GARCIA JR.,

Appellant

v.

THE STATE OF TEXAS, 

Appellee

_________________________________

FROM THE 137th DISTRICT COURT OF LUBBOCK COUNTY;

NO. 99-431,825; HON. CECIL G. PURYEAR, PRESIDING

_______________________________

Before QUINN and REAVIS, JJ. and BOYD, SJ.
(footnote: 1)
 Appellant Gonzalo M. Garcia Jr. appeals his conviction for delivery of a controlled substance.  Guilt was established via his open plea of guilty, after which the trial court assessed punishment.  His sole issue on appeal involves his motion to appoint a psychiatrist and a neurologist to “conduct a psychiatric and neurological (respectively) examination of [him] as to [his] competency to stand trial and as to the possible defense of insanity . . . .”  Appellant argues that the trial court erred when it allegedly refused to appoint a neurologist.  We affirm the judgment for several reasons.

First, in acting upon the motion, the trial court stated that it “will order . . . [appellant] to be examined by someone appointed by the Court . . . [and] will deny the request for an expert for the Defense at this time.”  After a pause, it then said that it was “going to grant the Motion for Psychiatric Examination of [appellant]” and that it “appoint[ed] Dr. Preston Shaw for the purpose of determining whether or not the Defendant is presently competent to stand trial in this cause . . . .”
(footnote: 2)  These were the sum and substance of the trial court’s utterances regarding the motion.  And, from them, one can see that it said nothing about the appointment of a neurologist.  It neither granted nor denied that aspect of the motion when addressing it in open court.  Nor did our review of the appellate record uncover 1) a written order manifesting, implicitly or explicitly, whether the trial court denied appellant the opportunity to be examined by a neurologist or 2) indication that the trial court refused to rule on the request.
(footnote: 3)  Given this, we cannot say that the pending issue was preserved for review since appellant failed to secure a ruling upon that part of the motion now forming the basis of his appeal.  
Tex. R. App. P. 
33.1(a)(2)
 
(stating that the complainant must secure an implicit or explicit ruling upon his request, objection, or motion to perfect his complaint for review or the record must illustrate that the trial court refused to rule and the complainant objected to the refusal).

Second, in 
Quin v. State, 
608 S.W.2d 937 (Tex. Crim. App. 1980), the defendant also requested the appointment of both a psychologist and neurologist to examine him.  The request for a psychologist was granted, but that for a neurologist was denied.  And, much like appellant here, the appellant there argued that the refusal to appoint a neurologist to examine him was error.  The high court rejected the contention, however.  In doing so, it noted that “[t]he distinctions and differences in approach between a neurologist and psychologist were not called to the trial court’s attention in appellant’s motions nor was evidence of such presented to the court prior to a ruling on the motions.”  
Id.
  at  938.  The situation before us is akin to that in 
Quin
.  Here, as there, appellant failed to explain to the trial court, via evidence or argument, “the distinctions and differences in approach between a neurologist and [psychiatrist] . . . prior to a ruling on the motion. . . .”
(footnote: 4)  
Id.
  Nor can we conclude that such differences were so patently apparent that they did not have to be stated.  
Id.
  Given this, “we perceive no harm suffered by appellant due to the court’s [alleged] refusal to appoint a neurologist.”  
Id.
 

Accordingly, we affirm the judgment entered below. 

Brian Quinn

   Justice

Do not publish.

FOOTNOTES
1:
John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. 
tex. gov’t code ann. 
§
75.002(a)(1) (Vernon Supp. 2002). 

2:
Though the record indicates that Dr. Shaw was a psychiatrist, it does not reveal whether he was also a neurologist.  That would seem pertinent to the extent appellant argues he was entitled to an examination by a neurologist as well as a psychiatrist.  For purposes of this appeal, however, we will assume that Shaw is not a neurologist. 

3:
Immediately before trial and in relation to another pretrial motion, appellant represented to the court that it denied his request to be examined by a neurologist.  Yet, he did not cite to any particular order; nor did we find one in the record before us.  Instead, we can only deduce that appellant assumed the trial court overruled that aspect of his motion.

4: 
Appellant’s attempt to explain those differences for the first time in his appellate brief via references to several books comes too late.  Simply put, they were not grounds presented below as required by Texas Rule of Appellate Procedure 33.1(a).  
See Oulare v. State
, 76 S.W.3d 231, 233 (Tex. App.–Amarillo 2002, no pet.) (holding that the specific grounds for the objection must be stated to preserve the complaint for appeal).  Nor do we find evidence of record indicating that Dr. Shaw could not or would not detect maladies which a neurologist could or would.  In other words, if a psychiatrist (who is a trained medical doctor) could perform tests like those which a neurologist could perform there may be no need for the appointment of a neurologist.