**Billy HOAGLAND, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 45910.

Court of Criminal Appeals of Texas.

March 28, 1973.

Rehearing Denied May 16, 1973.

---

1. The evidence refers to various shopping centers and street names, indicating that the offense transpired in El Paso.

Emmett Colvin, Jr., and Lawrence B. Mitchell, Dallas, for appellant.

Henry Wade, Dist. Atty. and Mike G. McCollum, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for the offense of fondling by placing his hand against the breast of a female under the age of fourteen years. The jury assessed the punishment at two years.

The sufficiency of the evidence is challenged. The complaining witness was eleven years of age on the date in question and twelve at the time of the trial. She testified that she was at appellant's home on a Sunday afternoon to jump on a trampoline in the back yard and to visit his son. She related that, while Mrs. Hoagland was running a vacuum cleaner in another part of the house, the appellant kissed her, pulled off her sweater, touched her breasts, pulled her jeans down and touched her private parts.

Appellant testified that he did not touch the girl's breasts or private parts. He did testify that the complaining witness asked him if his beard tickled his wife when he kissed her, and when he told her that it did, the girl kissed him.

In rebuttal, the State called a ten-year-old girl who testified that she was on appellant's boat in the garage when he exposed himself and told her that he would show her how to make babies. She testified that he moved his hands up and down on himself and she saw some "white stuff" come out. Another girl, eleven, twelve years of age at the time of the trial, testified that the appellant, while on his boat on Lake Dallas, placed his hand under the bottom part of her bathing suit and on her private parts.

The testimony of these two girls was admitted for the purpose of showing lascivious intent and it was so limited in the court's charge.

■ Appellant contends that since the complainant did not tell her mother for some six weeks after the incident that her testimony needed to be corroborated, because she did not make an outcry. He contends that the rule in rape cases should apply.

The complainant testified that the appellant told her to promise that she would not tell in "more of a threatening" tone. She did not tell her mother about it when she first got home because it was something that she did not want to talk about and if she did tell, she was afraid something would happen. She finally told her mother after thinking about it all of the time because it was "bugging me so much."

Even if we applied the rule as to outcry as we do in rape cases, the evidence of the complainant still need not be corroborated. In Uhl v. State, Tex.Cr.App., 479 S.W.2d 55, this Court held that the testimony of a prosecutrix in a rape case under fifteen years of age need not be corroborated. There we cited Hindman v. State, 152

Tex.Cr.R. 75, 211 S.W.2d 182, where it was noted that in rape by force cases a conviction will not be sustained upon the uncorroborated testimony of a female who fails to make prompt outcry or report of the rape when an opportunity to do so is reasonably afforded. The Court further pointed out that in statutory rape cases the issue of consent cannot arise, since the offense is complete with or without consent of the prosecutrix.

We hold that the testimony of the complainant need not be corroborated. The evidence is sufficient to support the conviction.

It is contended that "the trial court committed error in failing to instruct jury to disregard the improper jury argument of the prosecutor and in failing to grant motion for mistrial."

The prosecutor stated that the jury had heard character witnesses who were friends and business associates of the appellant testify that they would furnish him more business and with a home to come to for visits. He also stated that the preacher came in and told them that he would furnish a church to worship in and a home to stay in. The prosecutor then asked: "Which one of you, ladies and gentlemen, is going to furnish him the next little girl?"

Counsel for the defense stated, "Objection, Your Honor." The court sustained it. Defense counsel stated, "I move motions 4, 5 and 6." The court stated, "Overruled. Strike it out of the record." Counsel then stated, "Also motions 4, 5 and 6." [1]

The court ordered it stricken from the record. No further instruction was requested. No motion for mistrial was made. The allegations in the ground of error are not supported by the record. No reversible error is shown.

Next, complaint is made because the prosecutor in his argument referred to the other transactions with the other two girls. This evidence was before the jury for the purpose of proving lascivious intent. A discussion of, or reasonable deduction from, the evidence before the jury is permissible. No error is shown.

Appellant contends that the court erred in answering a question asked by the jury after it had retired. The question was, "If we recommend probated sentence, can we require Defendant seek medical help?" Counsel for appellant asked the trial judge to answer yes.

The court instructed the jury: "In reply to the above question, you are instructed that the Jury cannot require the defendant to seek medical help. . . ."

The jury was not so authorized under Article 42.12, Section 6, V.A.C.C.P. The court's refusal to allow such an additional condition is in compliance with Article 42.12, Section 3a, Vernon's Ann.C.C.P. No error is shown.

Appellant complains that the court erred in admitting the extraneous offenses because his counsel did not have adequate opportunity for conference or preparation. He contends that this deprived the accused of effective assistance of counsel.

The court, upon request, gave defense counsel a list of witnesses to be used by the State. The court refused to require the State to list the witnesses who might be used in rebuttal.

The State used one witness, the complainant, in making its case in chief. After the appellant denied committing the offense, the other transactions were proved. A prima facie case was proved before the appellant testified, and apparently no other witnesses would have been used except in case they were needed in rebuttal. An accused does not have to tes-

1. It appears that motions Nos. 4, 5 and 6 were made concerning evidence of the transactions with the other girls.

tify. The State did not know that the accused would testify. To require the State to anticipate any possible defense of an accused and to furnish names of all possible witnesses and have the court refuse to permit them to testify if their names were not listed would be to require an impractical and undue burden.

We hold that no error is shown. Further, there has been no attempt to show in a motion for new trial (or otherwise) anything that would affect the credibility of the other witnesses.

No reversible error being shown, the judgment is affirmed.

ODOM, Judge (concurring).

I concur in the results reached herein. However, I do not agree with the rule announced in the majority opinion that allows the state non-disclosure of witnesses just because they may be used in rebuttal only. Witnesses should be disclosed if there is a likelihood they will be used at any stage of the trial.

ROBERTS, J., joins in this concurring opinion.