WIGGINS V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-355-CR

BYRON LYNN WIGGINS APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 43RD
 DISTRICT COURT OF PARKER COUNTY

------------

OPINION

------------

Byron Lynn Wiggins appeals from his conviction for the felony offense of possession of a controlled substance.  In two issues, he complains that 
the trial court erred by admitting a recorded phone call between appellant, a jailed convict, and a bail bondsman because the recording was not proper rebuttal evidence, was irrelevant to sentencing, and had not been disclosed by the State
.  We affirm.

Facts

On the afternoon of January 28, 2003, a loss-prevention employee at the Weatherford Wal-Mart spotted a man, later identified as appellant’s cousin Jody Wiggins, purchasing pseudoephedrine antihistamine tablets.  The same employee saw Jody take the medicine to his car and return to buy more tablets and some lithium batteries.  Loss-prevention employees at Wal-Mart had been trained to watch for people purchasing products that could be used to manufacture methamphetamine.  Both the tablets and lithium batteries are used to make methamphetamine, so the employee notified the local narcotics task force and gave them the truck’s license plate number
.  

Drug task force police investigator Officer James Peel arrived at the store and confronted Jody Wiggins outside the automotive department.  While Officer Peel spoke to Jody, other members of the narcotics task force arrived.  When the police questioned Jody about the amount of pseudoephedrine antihistamine
 tablets he had purchased, Jody claimed that he was buying the supplies for appellant. 

While Officer Peel was talking to Jody, Officer Wesley Stout saw appellant’s blue Chevrolet truck pull into the Wal-Mart parking lot and drive straight toward Jody and the officers.  When appellant’s truck got close to the group, it stopped abruptly, backed up, turned around, and headed toward the exit.  Officer Stout got into his vehicle and followed appellant through the parking lot.
  Officer Peel radioed Officer Stout and confirmed that the truck was registered to appellant.  At one point during the pursuit, appellant pulled over, and Officer Stout saw appellant throw white powder and a cigarette package out his truck window.  Appellant stopped the truck shortly after disposing of the items. 

Officer Stout recovered the cigarette pack and determined that it contained a rock of methamphetamine.  The police arrested appellant for possession of a controlled substance and seized $4,250 in cash that appellant had with him at the time of his arrest.  At trial the jury found appellant guilty of possession.

At the punishment phase of trial, the State offered a recording of a phone conversation placed by an inmate at the Parker County Jail that was recorded by the jail’s recording system.  The inmate had called appellant’s bondsman while appellant was at the bondsman’s office.  During the call, appellant spoke with the inmate and made statements indicating that appellant was in the narcotics business. 
 The trial court admitted the call as State’s evidence to rebut an inference created by appellant that he derived his income solely from being a mechanic and not as a drug dealer.

In his first issue, appellant complains 
that 
the trial court erred by admitting the recorded phone call between appellant, the jailed convict, and the bail bondsman because the recording was not proper rebuttal evidence and was not relevant to sentencing
.  

Standard of Review

A trial court has broad discretion in determining the admissibility of evidence presented at the punishment phase of trial.  
Henderson v. State
, 29 S.W.3d 616, 626 (Tex. App.—Houston [1st
 Dist.] 2000, pet. ref'd).
  We review the trial court's decision to admit or exclude evidence under an abuse of discretion standard.  
Hughbank v. State
, 967 S.W.2d 940, 942-43 (Tex. App.—Fort Worth 1998, no pet.); 
see also Jones v. State
, 982 S.W.2d 386, 394 (Tex. Crim. App. 1998), 
cert. denied
, 528 U.S. 985 (1999).  The same standard applies to a trial court’s decision to admit evidence it deems relevant to sentencing under code of criminal procedure article 37.07.  
Jones v. State
, 963 S.W.2d 177, 182-83 (Tex. App.—Fort Worth 1998, pet. ref’d); 
see
 
Tex. Code. Crim Proc. Ann
. art. 37.07, § 3(a)(1) (Vernon Supp. 2004-05).
  Therefore, we will not reverse a trial court if its ruling was within the “zone of reasonable disagreement.”  
Hughbank
, 967 S.W.2d at 943.  

The 
Punishment Testimony

During the punishment phase of trial, the defense called appellant’s father Billy Leon Wiggins, appellant’s sister Brenda Flowers, appellant’s common-law stepdaughter Valayna Collins, and appellant’s mother Evelyn Wiggins to testify on his behalf.  Generally, the witnesses testified that appellant had been involved in drugs before, but recently had not shown signs of drug use.  The witnesses described appellant as compassionate, likeable, and hard working.  Many witnesses testified that he made his living working as a mechanic by fixing cars at his home. 

Following the witnesses’ testimony, the defense rested.  At that time, the State notified the trial court 
that it had a brief rebuttal to appellant’s punishment evidence.  
Appellant objected, and the trial court overruled his objection.

The trial court allowed the State’s witness, Officer Cy Crum, an investigator with the Parker County Sheriff’s Office to authenticate the recording of the inmate’s conversation with appellant, and the State offered track number nine as State’s exhibit twelve.  The State summarized the recording saying that the content of the conversation related to appellant being in the “business,” which from the context of the conversation meant that appellant was in the narcotics trade.  In the recording, appellant talks to the inmate about his present drug arrest, the money seized from him during his arrest, and how the electronic monitoring device on his ankle impairs his ability to conduct his “business.”  Appellant indicates that if he had some money, he could start up his business again and talks to the inmate about individuals who may be able to provide him with start-up supplies.

Appellant objected to the evidence on the basis that the recorded phone conversation between appellant, the bondsman, and the inmate at the Parker County Jail was not relevant, not proper rebuttal evidence, and was not notified by the State in accordance with the code of criminal procedure.  
See
 
Tex. Code. Crim Proc. Ann
. art. 37.07, § 3(a)(1). 
 The trial court heard arguments regarding appellant’s objections, and the State responded by saying that the recording rebutted appellant’s punishment evidence claiming that he was a hard working mechanic who stayed home working on cars and had not shown signs of drug use in years.  The trial court admitted State’s exhibit twelve, and it was played for the jury in its entirety. 

Relevance

First, we review the evidence to determine whether the trial court erred by finding that the recording of the phone call was relevant to sentencing.  Code of criminal procedure article 37.07 provides that during punishment, evidence may be offered by the State and the defendant as to any matter the court deems relevant to sentencing.  
Id.
 
 At the punishment hearing, relevant evidence is that which assists the fact finder in determining the appropriate sentence given the particular defendant in the circumstances presented.  
Rogers v. State
, 991 S.W.2d 263, 265 (Tex. Crim. App. 1999).  This language grants wide latitude in the admission of evidence deemed relevant, including evidence arising after the offense.  
Contreras v. State
, 59 S.W.3d 362, 365 (Tex. App.—Houston [1st
 Dist.] 2001, no pet.); 
Peters v. State
, 31 S.W.3d 704, 720 (Tex. App.—Houston [1st
 Dist.] 2000, pet. ref'd).  Evidence relevant to sentencing also includes character evidence and evidence of other crimes or bad acts.  
See
 
Tex. Code. Crim Proc. Ann
. art. 37.07, § 3(a)(1). 

Here, the State charged appellant with possession of a controlled substance of more than one gram, but less than four grams.  Evidence that appellant was involved in the sale and manufacture of methamphetamine, rather than being a casual user of drugs, was relevant to the jury’s determination of appellant’s sentence because it goes directly to the scope of appellant’s involvement in the drug trade.  Additionally, the recording manifested appellant’s intent to continue his drug “business” in the future despite his pending drug charges.  Thus, we conclude that the trial court could have reasonably found that this evidence was relevant to sentencing this particular defendant.  
See Rogers
, 991 S.W.2d at 265 (holding that evidence of defendant’s prior sentences was relevant to the jury’s determination of the proper sentence in the present case).

Even relevant evidence, however, may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice.  
See
 
Tex. R. Evid.
 403.  As used in rule 403, “unfair prejudice” means the undue tendency of the evidence to suggest a decision on an improper basis.  
See Rogers
, 991 S.W.2d at 266.  We will not disturb a trial court's determination regarding the admissibility of relevant evidence unless an abuse of discretion has been shown.  
See Green v. State
, 934 S.W.2d 92, 101-02 (Tex. Crim. App. 1996), 
cert. denied
, 520 U.S. 1200 (1997); 
Flores v. State
,
 125 S.W.3d 744, 746 (Tex. App.—Houston [1st
 Dist.] 2003, no pet.)

Evidence of appellant’s involvement in the sale and manufacture of methamphetamine was repeatedly admitted by the trial court during both phases of trial.  During the guilt phase, the jury heard evidence showing that the day appellant was arrested, appellant’s cousin bought nineteen boxes of pseudoephedrine tablets and some lithium batteries for appellant.
(footnote: 1)  
During the guilt phase of trial, the jury also heard evidence that the police had been investigating appellant for drug manufacturing and that they had arrested appellant for drug possession twice before.  Officer Stout testified that when appellant was arrested for the current offense, the police seized $4,250 in cash from him. 
 Officer Stout stated that when he asked appellant where he got the money, appellant told him, “where do you think? I sell dope.” 

During punishment, Officer Crum
, the State’s witness
 who authenticated the recording of the phone call, testified during cross-examination that Robert Shane Burris, the inmate in the recording, told people that appellant was the leading dope pusher in this part of the country.  Officer Crum also testified that he had discovered the phone conversation at issue because he had been monitoring calls as part of the police investigation of appellant’s drug organization, drug manufacturing business, and suspected theft offenses.  Officer Crum explained that he had numerous written witness statements stating that the witnesses had observed appellant exchanging methamphetamine for weapons and stolen property.  The witnesses also claimed appellant had been conducting a drug business in the area for a long time.  In light of the evidence admitted at both phases of trial showing appellant’s involvement in the drug business, admission of the recorded phone conversation was probative of appellant’s continued involvement in the drug trade.  We hold that appellant was not unfairly prejudiced by its admission.

Rebuttal Evidence

Because we hold that the evidence was relevant to sentencing in this case, we must next determine whether the recorded phone conversation was proper rebuttal evidence.  Appellant contends that the phone conversation was not proper rebuttal evidence because it did not rebut any specific evidence presented by his witnesses.  The State, however, argues that the evidence rebutted the inference created by appellant’s punishment witnesses who testified that appellant made his living as a mechanic, sought to clean up his life, and had not shown evidence of drug abuse in years.

First, Billy Wiggins, appellant’s father, testified that appellant was a good-natured, hard working person who fell in with wrong crowd as a teen.  Billy admitted that when appellant was younger, he had a drug problem and two prior convictions, one of which was for methamphetamine.  However, Billy stated that he had not seen any evidence that appellant had been using drugs in the last few years.  When Billy was asked, “What business does [appellant] pursue right now, right before this trial?”  He responded by saying that appellant worked in his own business as a mechanic and repaired cars at his home.  According to Billy, appellant had saved the $4,250 in cash that he had on him when he was arrested in order to buy a piece of land.  Billy opined that if appellant was given the opportunity to be back out in society that he was capable of behaving and following the law. 

Next, Brenda Flowers, appellant’s sister and a music minister at her church, testified that she was aware that appellant had a drug abuse problem in the past.  Brenda also stated that appellant had come to her the month before her testimony expressing the desire to “clean up” his life and asking her about churches.  Brenda testified that appellant was searching for a better life and wanted to “clean up.”  Brenda described appellant as protective, outgoing, and easy to get along with. 

After Brenda, Valayna Collins testified about appellant’s occupation.  Valayna’s mother lives with appellant, and Valayna considers appellant to be her stepfather.  When asked what kind of business appellant conducted at his place, she testified that appellant was in the business of selling cars that he “fixes up.”  

Lastly, appellant’s mother Evelyn Wiggins testified.  She admitted that appellant had drug convictions and drug problems in the past.  She described appellant as likeable, compassionate, and a hard worker.  Evelyn testified that appellant followed in his father’s footsteps to become a good mechanic.  She stated that appellant had recently expressed a desire to be free of the things that “drug him down.  And he wanted to be completely free of any drug habit that he had.”  Evelyn opined that if appellant was released, there was no question that he would be able to live a productive life.  On cross-examination, Evelyn testified that she had not seen any evidence of a drug problem recently.   As a general rule, the State is entitled to present, on rebuttal, any evidence that tends to refute the defensive theory and evidence to support that theory.  
See Flannery v. State,
 676 S.W.2d 369, 370 (Tex. Crim. App. 1984); 
Yohey v. State
, 801 S.W.2d 232, 236 (Tex. App.—San Antonio 1990, pet. ref'd).  In addition, the possibility that such rebuttal evidence may encompass extraneous offenses or acts on the part of the defendant does not preclude its admission into evidence. 
See Yohey,
 801 S.W.2d at 236. 
 

Here, the phone conversation showed that appellant was actively involved in the drug business and that regardless of his pending drug charges, he desired to start up his business again.  During the phone call, he described how his electronic monitoring device and the conditions of his bond were putting a damper on his business and that he was not allowed out of the house during the hours he conducted his “business.”  
Regarding the $4,250 that the police seized from him, he complained that he no longer had any money to start up his business and that when he had the money he “had something to play with, to work with.”  Our review of the record and content of the phone conversation revealed that the trial court could have reasonably found that the phone conversation properly rebutted appellant’s evidence showing that appellant desired to change his life, was capable of following the law if released, had saved the $4,250 to buy some land, and made his living as a mechanic.  Because we hold that the trial court did not abuse its discretion in finding that the phone conversation was relevant to sentencing and was proper rebuttal evidence, we overrule appellant’s first point.

Notice

In his second point, appellant argues that the trial court erred by admitting the recorded phone call because the recording had not been disclosed by the State
.  A
ppellant argues that under the trial court’s general discovery order and his request for notice of extraneous offenses filed with the trial court, the State was required to give him notice of its intent to use the phone conversation during punishment.  However, notice under article 37.07, section 3(g), like rule 404(b), is limited to evidence that the State intends to offer in its case in chief.  
Washington v. State
,
 943 S.W.2d 501, 505 (Tex. App.—Fort Worth 1997, pet. ref’d) (op. on reh’g); 
see also
 
Tex. Code. Crim Proc. Ann
. art. 37.07, § 3(a)(1); 
Tex. R. Evid.
 404(b) (dictating that the State give the defense reasonable notice of its intent to introduce evidence of other wrongs or bad acts 
in the State’s case in chief).  Under section 37.07, phrases such as “notice of 
intent
 to introduce evidence under this article . . . “ and “[i]f . . . the state 
intends
 to introduce an extraneous crime or bad act. . . .” 
dictate that the State must notify the defendant of all evidence it 
intends
 to introduce against the defendant in its case in chief.  
Tex. Code Crim. Proc. Ann.
 art. 37.07, § 3(g) (emphasis added)
; Washington
,
 943 S.W.2d at 505
. 
 It is impossible, however, for the State to 
intend
 to introduce true rebuttal evidence before trial.  Evidence that is offered in rebuttal cannot be foreseen because the State does not know what theories the defendant will advance at punishment.  
See Hoagland v. State
, 494 S.W.2d 186, 188-89 (Tex. Crim. App. 1973); 
Doyle v. State
, 875 S.W.2d 21, 22 (Tex. App.—Tyler 1994, no pet.).  Therefore, the State was not required to give the appellant notice of its rebuttal evidence, regardless of the fact that it included extraneous offenses or bad acts.  
See Washington
,
 943 S.W.2d at 505
.

However, in cases where the State offers evidence of extraneous offenses on rebuttal during the punishment phase, but has not complied with statutory notice requirements requiring the State to give notice of its intent to offer such evidence, we will closely review the nature of the rebuttal evidence to determine whether the State introduced the evidence as rebuttal at punishment merely to avoid the mandatory notice requirements.  
Washington
,
 943 S.W.2d at 506
. 
 Any attempt to circumvent the notice requirement by offering extraneous offense evidence in rebuttal when it does not properly rebut defendant's punishment theories will be frowned upon.  
Id.
; 
see also
 
Tex. Code Crim. Proc. Ann.
 art. 37.07, § 3(g).

A review of the record does not demonstrate that the State acted willfully in an attempt to circumvent the notice requirements.  In fact, the record illustrates that the State did not intend to introduce the recording of the phone conversation until after it had heard all of appellant’s punishment witnesses.
(footnote: 2)  We hold that the trial court did not abuse its discretion by admitting the recorded phone conversation because the State was not required to give notice of its rebuttal evidence and did not act willfully to circumvent the notice requirement.  Appellant’s second point is overruled.

Conclusion

Having overruled both of appellant’s points we affirm the trial court’s judgment.

TERRIE LIVINGSTON

JUSTICE

PANEL A: LIVINGSTON, DAUPHINOT, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  September 30, 2004

FOOTNOTES
1:
Both of these ingredients are used in the manufacture of methamphetamine.

2:
After the defense rested at punishment, the State asked the court in its discretion to allow a witness who had been present in the courtroom for the other testimony to testify solely for the purpose of authenticating the recording of the phone conversation. 
 The State told the trial court that the witness had been allowed to stay in the courtroom because the State did not anticipate that the witness would testify until the defense put on its punishment case in chief.