COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-355-CR
  
  
BYRON LYNN WIGGINS                                                          APPELLANT
  
V.
  
THE STATE OF TEXAS                                                                  STATE
  
------------
 
FROM THE 43RD DISTRICT COURT OF PARKER COUNTY
 
------------
 
OPINION
 
------------
        Byron 
Lynn Wiggins appeals from his conviction for the felony offense of possession of 
a controlled substance.  In two issues, he complains that the trial court 
erred by admitting a recorded phone call between appellant, a jailed convict, 
and a bail bondsman because the recording was not proper rebuttal evidence, was 
irrelevant to sentencing, and had not been disclosed by the State.  We 
affirm.
Facts
        On 
the afternoon of January 28, 2003, a loss-prevention employee at the Weatherford 
Wal-Mart spotted a man, later identified as appellant’s cousin Jody Wiggins, 
purchasing pseudoephedrine antihistamine tablets.  The same employee saw 
Jody take the medicine to his car and return to buy more tablets and some 
lithium batteries.  Loss-prevention employees at Wal-Mart had been trained 
to watch for people purchasing products that could be used to manufacture 
methamphetamine.  Both the tablets and lithium batteries are used to make 
methamphetamine, so the employee notified the local narcotics task force and 
gave them the truck’s license plate number.
        Drug 
task force police investigator Officer James Peel arrived at the store and 
confronted Jody Wiggins outside the automotive department.  While Officer 
Peel spoke to Jody, other members of the narcotics task force arrived.  
When the police questioned Jody about the amount of pseudoephedrine 
antihistamine tablets he had purchased, Jody claimed that he was buying the 
supplies for appellant.
        While 
Officer Peel was talking to Jody, Officer Wesley Stout saw appellant’s blue 
Chevrolet truck pull into the Wal-Mart parking lot and drive straight toward 
Jody and the officers.  When appellant’s truck got close to the group, it 
stopped abruptly, backed up, turned around, and headed toward the exit. Officer 
Stout got into his vehicle and followed appellant through the parking lot. 
Officer Peel radioed Officer Stout and confirmed that the truck was registered 
to appellant.  At one point during the pursuit, appellant pulled over, and 
Officer Stout saw appellant throw white powder and a cigarette package out his 
truck window.  Appellant stopped the truck shortly after disposing of the 
items.
        Officer 
Stout recovered the cigarette pack and determined that it contained a rock of 
methamphetamine.  The police arrested appellant for possession of a 
controlled substance and seized $4,250 in cash that appellant had with him at 
the time of his arrest.  At trial the jury found appellant guilty of 
possession.
        At 
the punishment phase of trial, the State offered a recording of a phone 
conversation placed by an inmate at the Parker County Jail that was recorded by 
the jail’s recording system.  The inmate had called appellant’s 
bondsman while appellant was at the bondsman’s office.  During the call, 
appellant spoke with the inmate and made statements indicating that appellant 
was in the narcotics business.  The trial court admitted the call as 
State’s evidence to rebut an inference created by appellant that he derived 
his income solely from being a mechanic and not as a drug dealer.
        In 
his first issue, appellant complains that the trial court erred by admitting the 
recorded phone call between appellant, the jailed convict, and the bail bondsman 
because the recording was not proper rebuttal evidence and was not relevant to 
sentencing.
Standard of Review
        A 
trial court has broad discretion in determining the admissibility of evidence 
presented at the punishment phase of trial. Henderson v. State, 29 S.W.3d 
616, 626 (Tex. App.—Houston [1st Dist.] 2000, pet. ref'd).  We review the 
trial court's decision to admit or exclude evidence under an abuse of discretion 
standard.  Hughbank v. State, 967 S.W.2d 940, 942-43 (Tex. 
App.—Fort Worth 1998, no pet.); see also Jones v. State, 982 S.W.2d 
386, 394 (Tex. Crim. App. 1998), cert. denied, 528 U.S. 985 (1999).  
The same standard applies to a trial court’s decision to admit evidence it 
deems relevant to sentencing under code of criminal procedure article 
37.07.  Jones v. State, 963 S.W.2d 177, 182-83 (Tex. App.—Fort 
Worth 1998, pet. ref’d); see Tex. 
Code. Crim Proc. Ann. art. 37.07, § 3(a)(1) (Vernon Supp. 
2004-05).  Therefore, we will not reverse a trial court if its ruling was 
within the “zone of reasonable disagreement.”  Hughbank, 967 
S.W.2d at 943.
The Punishment Testimony
        During 
the punishment phase of trial, the defense called appellant’s father Billy 
Leon Wiggins, appellant’s sister Brenda Flowers, appellant’s common-law 
stepdaughter Valayna Collins, and appellant’s mother Evelyn Wiggins to testify 
on his behalf.  Generally, the witnesses testified that appellant had been 
involved in drugs before, but recently had not shown signs of drug use.  
The witnesses described appellant as compassionate, likeable, and hard 
working.  Many witnesses testified that he made his living working as a 
mechanic by fixing cars at his home.
        Following 
the witnesses’ testimony, the defense rested.  At that time, the State 
notified the trial court that it had a brief rebuttal to appellant’s 
punishment evidence.  Appellant objected, and the trial court overruled his 
objection.
        The 
trial court allowed the State’s witness, Officer Cy Crum, an investigator with 
the Parker County Sheriff’s Office to authenticate the recording of the 
inmate’s conversation with appellant, and the State offered track number nine 
as State’s exhibit twelve.  The State summarized the recording saying 
that the content of the conversation related to appellant being in the 
“business,” which from the context of the conversation meant that appellant 
was in the narcotics trade.  In the recording, appellant talks to the 
inmate about his present drug arrest, the money seized from him during his 
arrest, and how the electronic monitoring device on his ankle impairs his 
ability to conduct his “business.”  Appellant indicates that if he had 
some money, he could start up his business again and talks to the inmate about 
individuals who may be able to provide him with start-up supplies.
        Appellant 
objected to the evidence on the basis that the recorded phone conversation 
between appellant, the bondsman, and the inmate at the Parker County Jail was 
not relevant, not proper rebuttal evidence, and was not notified by the State in 
accordance with the code of criminal procedure.  See Tex. Code. Crim Proc. Ann. art. 37.07, 
§ 3(a)(1).  The trial court heard arguments regarding appellant’s 
objections, and the State responded by saying that the recording rebutted 
appellant’s punishment evidence claiming that he was a hard working mechanic 
who stayed home working on cars and had not shown signs of drug use in 
years.  The trial court admitted State’s exhibit twelve, and it was 
played for the jury in its entirety.
Relevance
        First, 
we review the evidence to determine whether the trial court erred by finding 
that the recording of the phone call was relevant to sentencing. Code of 
criminal procedure article 37.07 provides that during punishment, evidence may 
be offered by the State and the defendant as to any matter the court deems 
relevant to sentencing.  Id.  At the punishment hearing, 
relevant evidence is that which assists the fact finder in determining the 
appropriate sentence given the particular defendant in the circumstances 
presented.  Rogers v. State, 991 S.W.2d 263, 265 (Tex. Crim. App. 
1999).  This language grants wide latitude in the admission of evidence 
deemed relevant, including evidence arising after the offense.  Contreras 
v. State, 59 S.W.3d 362, 365 (Tex. App.—Houston [1st Dist.] 2001, no 
pet.); Peters v. State, 31 S.W.3d 704, 720 (Tex. App.—Houston [1st 
Dist.] 2000, pet. ref'd).  Evidence relevant to sentencing also includes 
character evidence and evidence of other crimes or bad acts.  See Tex. Code. Crim Proc. Ann. art. 37.07, 
§ 3(a)(1).
        Here, 
the State charged appellant with possession of a controlled substance of more 
than one gram, but less than four grams.  Evidence that appellant was 
involved in the sale and manufacture of methamphetamine, rather than being a 
casual user of drugs, was relevant to the jury’s determination of 
appellant’s sentence because it goes directly to the scope of appellant’s 
involvement in the drug trade.  Additionally, the recording manifested 
appellant’s intent to continue his drug “business” in the future despite 
his pending drug charges.  Thus, we conclude that the trial court could 
have reasonably found that this evidence was relevant to sentencing this 
particular defendant.  See Rogers, 991 S.W.2d at 265 (holding that 
evidence of defendant’s prior sentences was relevant to the jury’s 
determination of the proper sentence in the present case).
        Even 
relevant evidence, however, may be excluded if its probative value is 
substantially outweighed by the danger of unfair prejudice. See Tex. R. Evid. 403.  As used in rule 
403, “unfair prejudice” means the undue tendency of the evidence to suggest 
a decision on an improper basis.  See Rogers, 991 S.W.2d at 
266.  We will not disturb a trial court's determination regarding the 
admissibility of relevant evidence unless an abuse of discretion has been 
shown.  See Green v. State, 934 S.W.2d 92, 101-02 (Tex. Crim. App. 
1996), cert. denied, 520 U.S. 1200 (1997); Flores v. State, 125 
S.W.3d 744, 746 (Tex. App.—Houston [1st Dist.] 2003, no pet.)
        Evidence 
of appellant’s involvement in the sale and manufacture of methamphetamine was 
repeatedly admitted by the trial court during both phases of trial.  During 
the guilt phase, the jury heard evidence showing that the day appellant was 
arrested, appellant’s cousin bought nineteen boxes of pseudoephedrine tablets 
and some lithium batteries for appellant.[1]  
During the guilt phase of trial, the jury also heard evidence that the police 
had been investigating appellant for drug manufacturing and that they had 
arrested appellant for drug possession twice before.  Officer Stout 
testified that when appellant was arrested for the current offense, the police 
seized $4,250 in cash from him.  Officer Stout stated that when he asked 
appellant where he got the money, appellant told him, “where do you 
think?  I sell dope.”
        During 
punishment, Officer Crum, the State’s witness who authenticated the recording 
of the phone call, testified during cross-examination that Robert Shane Burris, 
the inmate in the recording, told people that appellant was the leading dope 
pusher in this part of the country.  Officer Crum also testified that he 
had discovered the phone conversation at issue because he had been monitoring 
calls as part of the police investigation of appellant’s drug organization, 
drug manufacturing business, and suspected theft offenses.  Officer Crum 
explained that he had numerous written witness statements stating that the 
witnesses had observed appellant exchanging methamphetamine for weapons and 
stolen property.  The witnesses also claimed appellant had been conducting 
a drug business in the area for a long time.  In light of the evidence 
admitted at both phases of trial showing appellant’s involvement in the drug 
business, admission of the recorded phone conversation was probative of 
appellant’s continued involvement in the drug trade.  We hold that 
appellant was not unfairly prejudiced by its admission.
Rebuttal Evidence
        Because 
we hold that the evidence was relevant to sentencing in this case, we must next 
determine whether the recorded phone conversation was proper rebuttal 
evidence.  Appellant contends that the phone conversation was not proper 
rebuttal evidence because it did not rebut any specific evidence presented by 
his witnesses.  The State, however, argues that the evidence rebutted the 
inference created by appellant’s punishment witnesses who testified that 
appellant made his living as a mechanic, sought to clean up his life, and had 
not shown evidence of drug abuse in years.
        First, 
Billy Wiggins, appellant’s father, testified that appellant was a 
good-natured, hard working person who fell in with wrong crowd as a teen.  
Billy admitted that when appellant was younger, he had a drug problem and two 
prior convictions, one of which was for methamphetamine.  However, Billy 
stated that he had not seen any evidence that appellant had been using drugs in 
the last few years.  When Billy was asked, “What business does 
[appellant] pursue right now, right before this trial?”  He responded by 
saying that appellant worked in his own business as a mechanic and repaired cars 
at his home.  According to Billy, appellant had saved the $4,250 in cash 
that he had on him when he was arrested in order to buy a piece of land.  
Billy opined that if appellant was given the opportunity to be back out in 
society that he was capable of behaving and following the law.
        Next, 
Brenda Flowers, appellant’s sister and a music minister at her church, 
testified that she was aware that appellant had a drug abuse problem in the 
past.  Brenda also stated that appellant had come to her the month before 
her testimony expressing the desire to “clean up” his life and asking her 
about churches.  Brenda testified that appellant was searching for a better 
life and wanted to “clean up.” Brenda described appellant as protective, 
outgoing, and easy to get along with.
        After 
Brenda, Valayna Collins testified about appellant’s occupation.  
Valayna’s mother lives with appellant, and Valayna considers appellant to be 
her stepfather.  When asked what kind of business appellant conducted at 
his place, she testified that appellant was in the business of selling cars that 
he “fixes up.”
        Lastly, 
appellant’s mother Evelyn Wiggins testified. She admitted that appellant had 
drug convictions and drug problems in the past.  She described appellant as 
likeable, compassionate, and a hard worker.  Evelyn testified that 
appellant followed in his father’s footsteps to become a good mechanic.  
She stated that appellant had recently expressed a desire to be free of the 
things that “drug him down.  And he wanted to be completely free of any 
drug habit that he had.”  Evelyn opined that if appellant was released, 
there was no question that he would be able to live a productive life.  On 
cross-examination, Evelyn testified that she had not seen any evidence of a drug 
problem recently.
        As 
a general rule, the State is entitled to present, on rebuttal, any evidence that 
tends to refute the defensive theory and evidence to support that theory.  See 
Flannery v. State, 676 S.W.2d 369, 370 (Tex. Crim. App. 1984); Yohey v. 
State, 801 S.W.2d 232, 236 (Tex. App.—San Antonio 1990, pet. ref'd).  
In addition, the possibility that such rebuttal evidence may encompass 
extraneous offenses or acts on the part of the defendant does not preclude its 
admission into evidence.  See Yohey, 801 S.W.2d at 236.
        Here, 
the phone conversation showed that appellant was actively involved in the drug 
business and that regardless of his pending drug charges, he desired to start up 
his business again.  During the phone call, he described how his electronic 
monitoring device and the conditions of his bond were putting a damper on his 
business and that he was not allowed out of the house during the hours he 
conducted his “business.”  Regarding the $4,250 that the police seized 
from him, he complained that he no longer had any money to start up his business 
and that when he had the money he “had something to play with, to work 
with.”  Our review of the record and content of the phone conversation 
revealed that the trial court could have reasonably found that the phone 
conversation properly rebutted appellant’s evidence showing that appellant 
desired to change his life, was capable of following the law if released, had 
saved the $4,250 to buy some land, and made his living as a mechanic.  
Because we hold that the trial court did not abuse its discretion in finding 
that the phone conversation was relevant to sentencing and was proper rebuttal 
evidence, we overrule appellant’s first point.
Notice
        In 
his second point, appellant argues that the trial court erred by admitting the 
recorded phone call because the recording had not been disclosed by the 
State.  Appellant argues that under the trial court’s general discovery 
order and his request for notice of extraneous offenses filed with the trial 
court, the State was required to give him notice of its intent to use the phone 
conversation during punishment.  However, notice under article 37.07, 
section 3(g), like rule 404(b), is limited to evidence that the State intends to 
offer in its case in chief.  Washington v. State, 943 S.W.2d 501, 
505 (Tex. App.—Fort Worth 1997, pet. ref’d) (op. on reh’g); see also 
Tex. Code. Crim Proc. Ann. art. 
37.07, § 3(a)(1); Tex. R. Evid. 
404(b) (dictating that the State give the defense reasonable notice of its 
intent to introduce evidence of other wrongs or bad acts in the State’s case 
in chief).  Under section 37.07, phrases such as “notice of intent 
to introduce evidence under this article . . . “ and “[i]f . . . the state intends 
to introduce an extraneous crime or bad act. . . .” dictate that the State 
must notify the defendant of all evidence it intends to introduce against 
the defendant in its case in chief.  Tex. 
Code Crim. Proc. Ann. art. 37.07, § 3(g) (emphasis added); Washington, 
943 S.W.2d at 505.  It is impossible, however, for the State to intend 
to introduce true rebuttal evidence before trial.  Evidence that is offered 
in rebuttal cannot be foreseen because the State does not know what theories the 
defendant will advance at punishment.  See Hoagland v. State, 494 
S.W.2d 186, 188-89 (Tex. Crim. App. 1973); Doyle v. State, 875 S.W.2d 21, 
22 (Tex. App.—Tyler 1994, no pet.).  Therefore, the State was not 
required to give the appellant notice of its rebuttal evidence, regardless of 
the fact that it included extraneous offenses or bad acts.  See 
Washington, 943 S.W.2d at 505.
        However, 
in cases where the State offers evidence of extraneous offenses on rebuttal 
during the punishment phase, but has not complied with statutory notice 
requirements requiring the State to give notice of its intent to offer such 
evidence, we will closely review the nature of the rebuttal evidence to 
determine whether the State introduced the evidence as rebuttal at punishment 
merely to avoid the mandatory notice requirements.  Washington, 943 
S.W.2d at 506.  Any attempt to circumvent the notice requirement by 
offering extraneous offense evidence in rebuttal when it does not properly rebut 
defendant's punishment theories will be frowned upon.  Id.; see 
also Tex. Code Crim. Proc. Ann. 
art. 37.07, § 3(g).
        A 
review of the record does not demonstrate that the State acted willfully in an 
attempt to circumvent the notice requirements.  In fact, the record 
illustrates that the State did not intend to introduce the recording of the 
phone conversation until after it had heard all of appellant’s punishment 
witnesses.[2]  We hold that the trial court did 
not abuse its discretion by admitting the recorded phone conversation because 
the State was not required to give notice of its rebuttal evidence and did not 
act willfully to circumvent the notice requirement.  Appellant’s second 
point is overruled.
Conclusion
        Having 
overruled both of appellant’s points we affirm the trial court’s judgment.
  
   
                                                                  TERRIE 
LIVINGSTON
                                                                  JUSTICE
  
 
PANEL A:   LIVINGSTON, 
DAUPHINOT, and MCCOY, JJ.
 
DO NOT PUBLISH
Tex. R. 
App. P. 47.2(b)
 
DELIVERED: September 30, 2004


NOTES
1.  
Both of these ingredients are used in the manufacture of methamphetamine.
2.  
After the defense rested at punishment, the State asked the court in its 
discretion to allow a witness who had been present in the courtroom for the 
other testimony to testify solely for the purpose of authenticating the 
recording of the phone conversation.  The State told the trial court that 
the witness had been allowed to stay in the courtroom because the State did not 
anticipate that the witness would testify until the defense put on its 
punishment case in chief.