NO. 07-05-0196-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

DECEMBER 11, 2006

_____

SAMMY RICHARD MARTINEZ,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;

NO. 16213-C; HON. PATRICK A. PIRTLE, PRESIDING

_____

***Memorandum Opinion***

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant, Sammy Richard Martinez, appeals his conviction for aggravated robbery. His two issues concern the trial court's refusal to bar from testifying a witness who was omitted from the State's witness list and its denial of his oral motion for continuance. We affirm the judgment.

*Motion for Continuance*

Regarding appellant's motion for continuance, it was an oral motion made at trial. Being oral as opposed to written, it preserved nothing for review. *Dewberry v. State,* 4

S.W.3d 735, 755 (Tex. Crim. App. 1999); *Dixon v. State,* 64 S.W.3d 469, 472 (Tex. App.–Amarillo 2001, pet. ref'd). So, we overrule this issue.

*Undisclosed Witness*

Whether a trial court erred in allowing a witness, who was omitted from a witness list, to testify depends on whether it abused its discretion. *Stoker v. State,* 788 S.W.2d 1,15 (Tex. Crim. App. 1989). And, whether the trial court abused its discretion depends upon whether its decision fell outside the zone of reasonable disagreement. *Montgomery v. State*, 810 S.W.2d 372, 391-92 (Tex. Crim. App. 1991) (stating that a trial court abuses its discretion when its decision falls outside the zone of reasonable disagreement).

Next, while it is true that the State must disclose the witnesses it intends to call when the defendant solicits the information, the duty does not encompass rebuttal witnesses. *DePena v. State*, 148 S.W.3d 461, 465 (Tex. App.–Corpus Christi 2004, no pet.). Indeed, in *Hoagland v. State*, 494 S.W.2d 186 (Tex. Crim. App. 1973), our Court of Criminal Appeals stated that "[t]o require the State to anticipate any possible defense of an accused and to furnish names of all possible witnesses and have the court refuse to permit them to testify if their names were not listed would be to require an impractical and undue burden." *Id.* at 189. According to the record before us, the State delivered to appellant its witness list on the morning trial began. It did not contain the name of Craig Allen, a witness the State called to testify about the existence of a particular tattoo on the hand of "Sal" Pena. The tattoo in dispute was that of a pair of dice, and it was worn by the assailant. Appellant had such a tattoo on his hand, as the State established during its case-in-chief. Yet, during cross-examination of a State's witness, appellant's counsel

2

broached whether Pena had a similar tattoo on his hand. This question most likely was asked in effort to create doubt about whether appellant was the actual assailant. To resolve that doubt, the State called Allen to testify before it closed the presentation of its case. When appellant objected, the prosecutor stated that Allen was "a rebuttal witness . . . ." So too did she argue that the "State was not aware until the trial began and through the cross-examination . . . of our witnesses, that [appellant was] going to try to indicate that this entire event . . . was not committed by [appellant], but instead by Mr. Pena . . . ." She continued by uttering that ". . . in his cross-examination and extensive questioning about the tattoo on [appellant's] hand and what they did or did not see, we realized that that is going to be their issue, that they believe that . . . Pena committed this offense." Given this explanation, the trial court allowed Allen to testify as a rebuttal witness about the absence of the tattoo in question on Pena's hand.

Interestingly, the information provided by Allen was not acquired until after the State tendered its witness list and the first day of testimony had ended. At that time, Allen apparently traveled to a South Texas penal facility to inspect Pena's hands. The need for Allen to make the trip and acquire the data arose when appellant asked, during a hearing on his motion to suppress, about whether Pena had such a tattoo. That hearing was conducted on the day trial began but before the jury was selected.

In view of the foregoing, we cannot say that the trial court abused its discretion in treating Allen as a rebuttal witness and allowing him to testify. The State did not have the information offered through Allen until midway into trial. And, though the topic encompassed by Allen's testimony was first raised by appellant shortly before the jury was selected, its significance according to the prosecutor was not made clear until appellant

3

cross-examined various State witnesses.  Thus, we cannot say that holding Allen to be a rebuttal witness was a decision falling outside the zone of reasonable disagreement.  Nor can we say that permitting him to testify as one during the State's case-in-chief tainted the decision.  *See Wilson v. State*, No. 14-03-0173-CR, 2004 Tex. App. LEXIS 1589 at *7-8 (Tex. App.–Houston [14th Dist.], February 19, 2004, pet. ref'd) (not designated for publication) (noting that it was not error to permit the State to call a rebuttal witness during its case-in-chief).  So, we overrule this issue as well.

The judgment of the trial court is affirmed.


Brian Quinn
Chief Justice

Do not publish.

4